INHABITANTS OF BANGOR *versus* INHABITANTS OF BRUNSWICK.

A judgment for the defendant town in *either* one of two actions commenced at different times by the same plaintiff town, for the support of the same pauper, may be proved as a bar to the other action.

In the action last tried, though first commenced, the record of such judgment cannot be excluded by an agreement of the defendants, in writing, (made at a term when the last commenced action was under advisement upon exceptions,) that the first commenced action should stand on as favorable grounds as if tried at the term when such agreement was made.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J.

ASSUMPSIT to recover for supplies furnished to a pauper. The writ was dated in 1843. Under an appropriate brief statement, the defendants offered in evidence the record of a judgment, recovered by the defendants in 1849, in a suit commenced in 1845, by the plaintiffs, to recover for supporting the same pauper. This evidence was objected to, but was admitted; and it was ruled by the Court to be a bar to

this suit. To that admission and to that ruling, the plaintiffs excepted.

The objections to the receiving of the record, were, that it was irrelevant, because received in a suit brought after the commencement of this suit, and also that the defendants were precluded from using the record, by an agreement of record, filed in this case, at the October term, 1848. At that term, *this* action was numbered 34, and the action *in which* the above named judgment was recovered, was numbered 103. In both suits, questions of law had been raised, and in No. 34, a verdict had been set aside. The agreement related to the order in which the actions should be tried, and contained the following expression, " the intention of the parties being that No. 34 shall stand on as favorable grounds, as if tried at the present term."

*Wakefield*, for the plaintiffs.

I. When the agreement was made, (October, 1848,) the judgment had not been recovered, and of course could not be used by the defendants. If they can now use it in evidence, this action, No. 34, will stand on a less favorable ground, than if tried at said October term, 1848 ; a result, which the agreement expressly forbids.

II. The plaintiffs are not estopped by said judgment. R. S. Chap. 32, sect. 30, merely provides that a judgment recovered, not in a *subsequent* but in a *prior* action, may be a bar. This action, No. 34, was of earlier commencement than No. 103, in which said judgment was recovered.

SHEPLEY, C. J. — The plaintiffs commenced two actions against the defendants for the support of the same pauper at different times.

A verdict for the plaintiffs had been obtained in the action first commenced, which had been set aside and a new trial granted. The defendants had obtained a verdict in the action last commenced, and exceptions to the instructions given to the jury had been taken, but had not been argued, when the first action was in readiness for a second trial.

The counsel thereupon made a written agreement, a copy of which is presented by the bill of exceptions taken in this case, and the action was continued. Judgment had been rendered on the verdict obtained in the second action before the second trial took place in the first action.

The presiding Judge considered, that the judgment rendered in the second action operated as a bar to a recovery by the plaintiffs in the first action, and the correctness of that ruling is presented by exceptions.

The statute, ch. 32, § 29 and 30, provides, that an action may be maintained by one town against another, to recover for the expenses incurred for the support of a pauper, whose legal settlement is established in such town; and that " a recovery in such action shall bar the town, against which it shall be had, from disputing the settlement of such pauper with the town so recovering in any future action brought for the support of such pauper."

The argument is, that by the words " in any future action brought," an action to be brought after the commencement of the first action, was intended, and not an action to be tried after a recovery had in an action between the same parties for the support of the same pauper.

It is not probable, that the framers of the statute contemplated that a judgment would be first obtained in an action last commenced; and yet such are the various occurrences happening in the course of judicial proceedings, that such a result is not very unusual. It is however quite apparent, that the intention was to afford one opportunity to have a final decision upon the legal settlement of the pauper; and not to allow it to be the subject of continued litigation as often as either town should commence an action to recover for expenses incurred in the support of the pauper. If the legal settlement of the pauper might be contested on trial of an action, whether commenced before or after the one, in which a judgment had been already obtained, this intention would be defeated; and there might be two contradictory decisions and judgments respecting the legal settlement of the pauper. The

intention being quite clear and certain, that one decision upon the legal settlement should be conclusive, the language of the statute should, if possible, receive such a construction as will carry into effect that intention.

The words "future action" may be fairly construed to mean an action to be tried after a judgment had been recovered by one town against the other for the support of the same pauper. The word "brought" is not inappropriate to designate an action, which had been commenced at any time before the trial, and it does necessarily designate one, commenced after the action on trial was commenced.

It is further insisted, that the agreement made between the parties, precludes the defendants from presenting the recovery in the second action, as a bar to the first.

The agreement, however, has reference to the disposition of the other, and not to the disposition of this action. The reasons are stated in the opinion in that case, why their agreement could not be permitted to affect the disposition of it. *Bangor* v. *Brunswick*, 30 Maine, 398.

The agreement states, that the intention of the parties was, that "34 shall stand on as favorable grounds, as if tried at the present term." If such intention fails to be carried into effect, it will be because the manner provided in the agreement to accomplish it was insufficient. It assumed to control the disposition of an action, which had before passed the stage, in which it could be subject to such control.

*Exceptions overruled.*

