INHABITANTS OF JAY *versus* INHABITANTS OF CARTHAGE.

By R. S., c. 143, § 20, no person shall suffer any of the disabilities incident to pauperism, nor be thereafter deemed a pauper, by reason of being supported in the insane hospital.

By R. S., c. 24, § 25, a recovery against a town, for supplies furnished to a pauper, estops such town from disputing the settlement of the pauper with the town recovering, in any future action brought for the support of the same pauper.

In an action by one town against another for supplies furnished a pauper, whose settlement is alleged to be in the defendant town, the plaintiffs are estopped by the record of a default in a former suit by the plaintiff against the defendant town, containing a count for the expenses of commitment and support of the alleged pauper at the insane hospital, and also a count in common form for supplies to the same pauper.

ON EXCEPTIONS from *Nisi Prius,* BARROWS, J., presiding.

ASSUMPSIT for pauper supplies.

The facts appear in the opinion.

*S. Belcher*, for the defendants.

*R. Goodenow*, for the plaintiffs.

BARROWS, J.—The only question in controversy between the parties was as to the settlement of a pauper whose wants had been supplied by the plaintiffs. That she once had a settlement in Carthage was admitted, but the defendants claimed that she had acquired a settlement in Jay, by five years continuous residence there, from 1854 to 1859, and offered evidence to establish the fact. Plaintiffs objected, insisting that the defendants were estopped from disputing the settlement of the pauper, by a judgment recovered at the April term, 1862, by the plaintiffs, against the defendants for the support of the same person. The presiding Judge sustained the objection, held that the defendants were estopped, and excluded the evidence offered to show the five years continuous residence.

The writ, upon which the former judgment was founded, contains a count for the expenses of the commitment and support of the alleged pauper, at the insane hospital, and, if this were the only count, though the plaintiffs might have been entitled to recover by virtue of chap. 143, section 20, R. S. of 1857, it would, perhaps, work no estoppel, inasmuch as it is specially provided in that section, that "no insane person shall suffer any of the disabilities incident to pauperism, nor be hereafter deemed a pauper, by reason of such support."

But the writ contains also a count in common form for pauper supplies, alleging a settlement in the defendant town, a falling into distress in the plaintiff town, the furnishing of the needed supplies, according to an account annexed and the notice required by statute. The case was submitted to the full Court upon report, and the decision, as set forth in the record, was rendered in the following terms :— "Defendants

defaulted for amount of account, exclusive of interest, except from the date of .writ."

The judgment is not rendered upon the first count exclusively. The·default ordered covers all the matters that are well alleged in the writ. An insane person may also be a pauper, although one, not otherwise in need of relief, incurs no pauper disabilities by reason of being committed to the hospital.

The record of the judgment offered by the plaintiffs brings the case within the provisions of section 25, chapter 24, of the Revised Statutes, and the defendants are precluded thereby from contesting the settlement of the alleged pauper in this suit.                    *Exceptions overruled.*

*Judgment for plaintiffs.*

APPLETON, C. J., WALTON, DANFORTH and TAPLEY, JJ., concurred.