STEWART v. THE CITY OF COUNCIL BLUFFS.

1. **Municipal Corporation**: POWERS OF CITY: DAMAGES. A city has the right, through its council, to authorize the purchase of a right of way for a ditch, and will be bound to reimburse the party authorized to procure it; but it cannot enter into an agreement with such party that it will construct the ditch, nor can he recover damages for any alleged injuries he may have suffered by a subsequent determination of the council not to proceed with the work.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, APRIL 25.

THE plaintiff shows in his petition that he is the owner of certain real estate, including buildings and machinery in the city of Council Bluffs, used by him in the business of pork-packing; that in 1876 the city determined to change the course of a certain creek flowing through the city by the construction of a ditch; that the construction of the ditch was

desirable for the city as a protection to its health and for its safety, and desirable for the plaintiff as facilitating his business as a pork-packer, and enabling him to do summer packing; that the common council let the contract for the construction of the ditch; that it was necessary, however, to procure a right of way through certain grounds belonging to the Chicago, Rock Island & Pacific Railroad Company; that the city, for want of funds, was unable to procure such right of way; that the plaintiff, being apprehensive that the construction of the ditch would be suspended or abandoned, proposed to procure the right of way at his own expense if the city would issue a warrant for his reimbursement, and complete the improvement; that thereupon it was resolved by the common council that, in case the plaintiff should procure for the city a right of way, the city recorder should be instructed to draw and deliver to him the warrant as demanded, and that the street commissioner should notify the contractor to proceed to complete the ditch; that the plaintiff, upon the strength of the resolution, obtained a deed of the right of way for the city at his own expense, and tendered it to the city and demanded the warrant; that the city refused to accept the deed and refused to issue the warrant, and passed a resolution abandoning the improvement.

The plaintiff also shows in his petition that prior to the time of the tender and refusal of the deed he enlarged and improved his buildings at an expense of two thousand five hundred dollars, for the purpose of doing summer packing; that without the ditch he was unable to do summer packing; that the money expended in enlarging and improving his buildings was lost to him; that he contracted for a large number of hogs for summer packing, but was unable to take them, and that by reason of his failure to take them he sustained great loss, to wit: in the sum of ten thousand dollars.

The plaintiff, in the first count of his petition, claims the value of the warrant; and in the second and third counts the other damages above set forth. The defendant demurred to

the petition.    The court overruled it as to the first count, and
sustained it as to the second and third.    The plaintiff ap-
peals.

*Sapp, Lyman & Ament,* for appellant.

*G. A. Holmes,* for appellee.

ADAMS, J.—The city doubtless had the power to make the
improvement if necessary for the health or safety of the city,

1. MUNICIPAL       and if so it had the power to incur such reason-
corporation:       able expense as might be necessary to obtain a
powers of city:
damages.           right of way.    We see no objection to the city's
agreeing to issue a warrant to the plaintiff to reimburse him for
his expenditure or service in procuring a right of way, and that
is as far, we think, as the city had the power to go.    It appears
to us indeed to be doubtful whether the city intended to
obligate itself to the plaintiff to complete the improvement,
and in case it did whether there was any consideration for
entering into such obligation.    But, conceding all that the
plaintiff claims in this respect, we think that there was a lack
of power to enter into such obligation.    Whether a city
should make a given improvement or not often calls for the
exercise of a wise discretion, and we do not think that the
city government can be allowed to divest itself of such discre-
tion.    It should, we think, be at liberty at all times to correct
its mistakes, if it makes any, and especially to change its
action or determination when required by a change of circum-
stances.

The making of an improvement may seem to be expedient
at one time and inexpedient later.    The price of labor and
materials may advance.    Unforeseen difficulties may arise in
the character of the work.    Some shift may be discovered
that will answer at least a temporary purpose.    The city
treasury may be depleted by fire, robbery, defalcation, or
some extraordinary and unforeseen expenditure.    Of course,
if a work is let by contract and abandoned, the contractor

must be allowed to recover his damages. This results from the nature of the case. The power to let work to be done by contract is a necessary power, and, whenever a city exercises it, it exposes itself to the liabilities necessarily incident to the exercise of such power. But there is no necessity for a city to obligate itself to a citizen to make an improvement. The necessity of obtaining a right of way does not create a necessity to enter into such obligation. If a city needs a right of way for an improvement it should obtain it, as it obtains other things which it needs, by paying its money value, and not by contracting to do something whereby it shall become subjected to an indefinite liability for failure. The power contended for is not only unnecessary, but its exercise might be disastrous to a city, especially if the rule of damages contended for were to be sanctioned. There is no pretense that the power is expressly granted. Being of the opinion that it is not implied we have to say that we think that the demurrer was rightly sustained.

AFFIRMED.

Mr. Justice SEEVERS, while concurring in the result, does so upon the ground that he thinks that the city did not attempt to enter into the alleged contract, and expresses no opinion as to whether it had the power to do so.