ALBERT M. PENLEY, and others, *vs.* CITY OF AUBURN.

Androscoggin. Opinion January 27, 1893.

*Town. Way. Contract, ultra vires. R. S., c. 17, § § 5, 11 - 13; c. 18, § 52.*

Towns and cities are required by law to keep their roads and streets so that they shall be safe and convenient for travelers. Whatever their legal duty requires of them, in that regard, they are bound by law to do, and cannot bind themselves to do more.

A street in the city of Auburn was incumbered on one side by buildings projecting into it. On the other side, the abuttors deeded a narrow strip of land to the city as a consideration for its covenant to remove these buildings from within the street and keep the same open and wrought its whole

length, including the strip conveyed to it. In a suit upon the covenant, *Held;* that it was *ultra vires,* and void; *also,* that the land having been conveyed without consideration should be returned.

ON EXCEPTIONS.

This was an action of covenant broken. The declaration alleges that the defendant city, on the 11th day of March, 1889, in consideration of the conveyance to it by Frances C. Little and others of a strip of land on the westerly side of Main street in said city, to be used in straightening and widening said Main street, covenanted and agreed with the said Frances C. Little and others, "to cause the land on the opposite side of said Main street, which had before that time been occupied partly by adjacent land owners for private uses, to be taken and used for a street, according to the location of said street at said point as determined by the county commissioners of the county of Androscoggin, by their survey made in September, 1888 ; the purpose of said covenant and agreement as therein expressed, being to obtain and secure for the public use the full width of said street, to which the city of Auburn was then legally entitled, according to the location of said street, as it then existed ; and the said defendant city did, for the same consideration, further covenant and agree that thereafter said street at said point should be maintained at not less than its (then) present width, in addition to the strip conveyed to the said city . as aforesaid ;" and that all the rights and interest of Frances C. Little and others under said covenants have been assigned by them to the plaintiffs ; that the defendant city "has wholly neglected and refused to fulfill its covenants and agreements as aforesaid, yet it has during all the time from the conveyance of said strip of land to it, received, used and occupied and had the benefit of the same."

To this declaration the defendant demurred generally. The demurrer was joined by the plaintiffs and overruled by a *pro forma* ruling of the presiding justice ; and the defendant alleged exceptions.

*McCann and Verrill,* and *N. and J. A. Morrill,* for plaintiffs.

A municipality has the power to pass ordinances for removing obstructions upon its highways. Hence it may agree to remove them in consideration of a deed of land for the purpose of

widening the street. The city in making the contract did not violate its charter or any statute, and is liable on it. *Hitchcock* v. *Galveston*, 96 U. S. 341; S. P. *Bailey* v. *M. E. Church*, 71 Maine, 472. *Ultra vires*, as applied to acts of municipalities: *Thomas* v. *West Jersey R. R. Co.* 101 U. S. 71; *Louisana* v. *Wood*, 102 U. S. 294; *Chapman* v. *Douglas Co.* 107 U. S. 355.

*C. B. Mitchell*, City Solicitor, for defendant.

If contract is valid and binding it ousts the County Commissioners of their jurisdiction (*Richmond County Gas Light Co.* v. *Middleton*, 59 N. Y. 228), and no one but plaintiffs can absolve the city from its obligation. *Milhau* v. *Sharp*, 27 N. Y. 620. *Ultra vires*, counsel cited: *Bodine* v. *Trenton*, 36 N. J. Eq. 198; · *Thorndike* v. *Camden*, 82 Maine, 39; Dillon Mun. Corp. (2d Ed.) §§ 61, 387, and cases; *Clark* v. *DesMoines*, 19 Iowa, 199 (S. C. 87 Am Dec. 433).

HASKELL, J.   A street in Auburn was incumbered on one side by buildings projecting into it. On the other side, the abuttors deeded a narrow strip of land to the city as a consideration for its covenant to remove these buildings from within the street and keep the same open and wrought its whole length, including the strip of land conveyed to it. · In a suit upon the covenant, it is objected that it was *ultra vires* and is void.

The objection is well taken. If public convenience and necessity required the street to be kept open its whole width, it was the duty of the city to keep it so. If not, the city was neither required to do it, nor could it execute a valid covenant to do it. Whatever its legal duty was, it was bound to do, and could bind itself to do no more.

No case has been cited that holds a municipal corporation liable to an individual, on its covenant to perform a municipal duty required of it by law; and it is common learning, that the covenant of a business corporation, even, to do an act beyond its chartered powers is void, as *ultra vires*. *Davis* v. *Railroad*, 131 Mass. 258; *Thomas* v. *Railroad*, 101 U. S. 71; *Green Bay R. R.* v. *Union Steamboat Company*, 107 U. S. 98-100; *Bailey* v. *Methodist Episcopal Church*, 71 Maine, 472.

The law imposes a duty upon municipal corporations to keep

their roads and streets so that they shall be safe and convenient for travellers, under penalty of indictment and fine. R. S., c. 18, § 52. That is their whole duty. The law requires no particular width for the travelled part of the way. That is governed by the necessities of travel in each particular case. *Baldwin* v. *Bangor*, 36 Maine, 518; *Bryant* v. *Biddeford*, 39 Maine, 193; *Farrell* v. *Oldtown*, 69 Maine, 72; *Wellman* v. *Dickey*, 78 Maine, 29.

The traveller may use any part of the way to travel upon, and, if obstructed in the exercise of that right, has a remedy against the person unlawfully placing the obstruction there. *Dickey* v. *Maine Telegraph Co.* 46 Maine, 483; *Parsons* v. *Clark*, 76 Maine, 476.

If the way be incumbered by buildings or fences or othewise, so as to create a common nuisance, it may be indicted and abated; and if an individual suffers any special and peculiar damage to himself from such nuisance, beyond that suffered by the public, or damages, if the nuisance be private, the law gives him a right of action therefor. R. S., c. 17, § § 5-11, 12, 13; *Dickey* v. *Maine Telegraph Co. supra*; *Brown* v. *Watson*, 47 Maine, 161; *Davis* v. *Weymouth*, 80 Maine, 307; *Holmes* v. *Corthell*, 80 Maine, 31; *Jackson* v. *Castle*, 80 Maine, 119; S. C. 82 Maine, 579.

The duty of the municipality is commensurate with the necessities of public travel; when that is served and the way is made safe and convenient therefor, municipal liability ends. If the way is then incumbered to the nuisance of individuals or the public, remedies against others than the municipality must be sought.

In the case at bar, the plaintiffs' assignors had conveyed land to the city as a consideration for its covenant in suit, that is adjudged void as *ultra vires*. The plaintiffs have been guilty of no fraud, and are not in fault. The land was conveyed, therefore, without consideration, and should be returned. *Morville* v. *American Tract Society*, 123 Mass. 129; *Chapman* v. *County of Douglas*, 107 U. S. 348; *Salt Lake City* v. *Hollister*, 118 U. S. 256-263.      *Exceptions sustained. Demurrer sustained.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.