CITY OF AUBURN *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion January 27, 1893.

*Pauper.  Kindred.  Supplies furnished.  R. S., c. 24, § § 16-19, 35.*

In an action for pauper supplies the ability of kindred to contribute for the support of a pauper cannot be set up in defense by the town or city where the pauper has his legal settlement.

Pauper supplies, furnished by a town or city create a cause of action, although actual payment for them has not been made.

ON MOTIONS AND EXCEPTIONS.

This was an action of assumpsit to recover for supplies furnished by the plaintiff to a pauper whose settlement was alleged to be in the defendant city.

The defendant pleaded the general issue with a brief statement alleging, in substance, that the alleged pauper, at the time when the supplies were furnished him, was sick at the house of his parents who were of sufficient ability to support and maintain him, and were bound by law to do so.

The presiding justice ruled that the facts alleged in the brief statement, if proven, would be no defense, and so instructed the jury who returned a verdict for the plaintiff for $433.52.    The verdict included the bills incurred for an attending physician and nurse, which had been duly rendered but not paid.

*C. B. Mitchell*, City Solicitor, for Auburn.

*Edgar M. Briggs*, City Solicitor, for Lewiston.

HASKELL, J.    Action for pauper supplies.    The pauper fell grievously sick at his father's house, and the jury found that he was "destitute," under appropriate instructions, to which no exception is taken.    The only exception is to the ruling, in substance, that the ability of kindred, liable to contribute for the support of paupers under R. S., c. 24, § § 16, 17, 18, 19, cannot be set up as a defense, by the town where the pauper has his legal settlement, to a suit of the town that furnished the relief.

No authority is cited in support of the point taken in defense. Revised Statutes, c. 24, § 35, requires overseers of the poor to

relieve persons found destitute in their towns, who have no pauper settlement therein, and gives an action against the town, where the pauper's settlement is, to recover the expenses so incurred; and also provides that such expenses "may be recovered of the kindred in the manner before provided in this chapter." Two remedies are given; one against the town liable and the other against the kindred. Either may be pursued. It should be noticed that the last remedy allows only expenses, incurred within six months before filing complaint in court, to be recovered; and then, to the extent only of the kindred's ability, considering their own necessities. Courts do not relieve destitution by creating it. It would be unreasonable, therefore, to send a town, not liable for the support of a pauper, after his kindred, for expenses incurred to relieve his destitution, when the liability for his support belongs to another town. The town may elect to call upon the kindred, but is not obliged to do so. It may require the town, liable to support its own paupers, and leave it to deal with the kindred as it may choose to do. The case of *Salem* v. *Andover*, 3 Mass. 442, seems to be in point, although decided upon statutes differing from ours.

The pauper, an adult, fell terribly sick with some loathsome disease at his parents' home. They became worn out and completely prostrated with continuous care of him, so that he lay destitute, and the overseers took him in charge. He could not be moved. He needed medical attendance, medicines, nursing, and food. All these, the city of Auburn furnished at his own solicitation. No more was furnished than necessary. All the supplies furnished had been paid for by the plaintiff but the bills of the city physician and of Mrs. Ross for care and board, and these had been approved by the overseers and were payable. The liability to pay them was a cause of action, precisely as if they had been paid. *Fayette* v. *Livermore*, 62 Maine, 234; *Westfield* v. *Southwick*, 17 Pick. 68. Their reasonableness was passed upon by the jury, who heard the case patiently and decided it correctly.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.