WHEELER *v.* CITY OF SAULT STE. MARIE.

1. MUNICIPAL CORPORATIONS — CONTRACTS — ULTRA VIRES — EMINENT DOMAIN—ACQUISITION OF PROPERTY.

Unless authority therefor is conferred by its charter, a city has no power to contract for the purchase of a strip of land to widen a public street in consideration that it move and repair a building standing on the premises, indemnify the owner against its loss by collapse, and assume all risks in so doing.

2. SAME.

Cities have only such powers as have been conferred by the legislature upon them.

3. SAME—EMINENT DOMAIN.

To acquire such property, the city must proceed in the manner authorized by law, and purchase by agreement or condemn the same, paying a money consideration.

4. SAME—INDEMNITY CONTRACTS.

Cities have no general authority to undertake casualty risks, or to indemnify persons against loss or injury.

Appeal from Chippewa; Steere, J. Submitted October 4, 1910. (Docket No. 1.) Decided February 1, 1911.

Bill by Eben S. Wheeler against the city of Sault Ste. Marie for the specific enforcement of a contract. From a decree dismissing the bill of complaint on demurrer, complainant appeals. Affirmed.

*George A. Cady* (*John H. Goff*, of counsel), for complainant.

*Sherman T. Handy*, for defendant.

BIRD, J. The bill of complaint in this cause prayed for a specific enforcement of a land contract, which complainant claims to have made with the defendant city, and which the city now refuses to carry out. It appears that the defendant was desirous of widening Portage avenue, one of its streets, and requested complainant to state his terms upon which he would convey a strip of land fronting on that avenue, which land was partially covered by a stone store building. His reply was as follows:

"If the city will assume all responsibility and move back the stone building ten to twelve feet, the exact distance to be hereinafter decided by Wheeler, fill front, reestablish fences, basement and foundation walls and piers, and all sewer and water connections, leaving the block in as good physical condition as now, and with same sized basement, and with new door and window frames therein, also, in addition, pay to Mr. Wheeler the sum of four

hundred dollars, he will thereupon give a quitclaim deed to the city of seven feet of ground for street use off south end of his land as desired. It shall be understood, however, that the city saves Wheeler harmless, and assumes all risk in moving the building, both to persons and property, and pays Mr. Wheeler for the building, in case it is wrecked or collapses in process of removal, its fair value, also all damages to structure; and this shall be in addition to said four hundred dollars."

It is alleged by complainant that several months after this proposition was submitted to the defendant, its council accepted the proposition but now refuses to carry it out. Defendant demurred to the bill, alleging several causes of demurrer. Upon the hearing, the trial court sustained the demurrer and dismissed the bill, whereupon complainant appealed to this court. The fourth cause of demurrer is as follows:

"The common council of the city of Sault Ste. Marie had no authority under its charter to enter into such a contract with complainant, as is set forth in his said proposition."

It will be unnecessary to state or discuss the other grounds of demurrer, as a consideration of this one will dispose of the case.

The contract was one which the city had no authority to make. An enforcement of this contract would compel the city to move and repair complainant's stone structure. While the city might perform such work on its own buildings, it is without authority to engage in such work for another. The city has only such powers as have been conferred upon it by the legislature, and the power to make valid contracts to move buildings and repair them for others is not found among the powers conferred. The contract cannot be sustained on the ground that it is for the purpose of acquiring property for the public use. The city undoubtedly has a right to acquire the strip of land which complainant agreed to convey, but when it decides to do so, it must resort to some of the modes of acquisition pointed out by the statute or its charter. To

acquire the property in question, it is unnecessary to enter into such a contract. It can be purchased by agreement or condemned and a money consideration paid for it. It has not the power to acquire property for the public use by entering into contracts of this character. *Penley* v. *City of Auburn*, 85 Me. 278 (27 Atl. 158, 21 L. R. A. 657); *Stewart* v. *City of Council Bluffs*, 50 Iowa, 668.

Another equally cogent reason suggests itself why the city could not legally enter into the proposed contract. By accepting the terms of the contract, it would undertake to carry a casualty risk during the time the building was being moved, and might subject the city to a great loss in the event that the building should collapse. It would likewise compel the city to carry a personal indemnity risk for the employés while engaged in the work. The carrying of casualty and indemnity risks for individuals or other corporations is clearly beyond the power of the defendant city. *City of Nashville* v. *Sutherland & Co.*, 92 Tenn. 335 (21 S. W. 674, 19 L. R. A. 619, 36 Am. St. Rep. 88); *Carter* v. *City of Dubuque*, 35 Iowa, 416; *Blake* v. *City of Macon*, 53 Ga. 172.

The proposed contract was *ultra vires*, and the trial court was right in refusing to enforce it.

The order of the trial court sustaining the demurrer is affirmed.

OSTRANDER, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.