## CITY OF PURCELL v. WADLINGTON.

No. 2947.    Opinion Filed November 17, 1914.

(144 Pac. 380.)

**MUNICIPAL CORPORATIONS**—Contract Employing Attorney—Validity. Where the defendant municipal corporation entered into a contract with the plaintiff to appear as an attorney before the Corporation Commission and resist an application of a telephone company to raise its rates, held, in a suit against the municipality to recover thereon a reasonable attorney's fee, that said contract was not authorized by Wilson's Rev. & Ann. St. 1903, sec. 347 (Rev. Laws 1910, sec. 541), as necessary to the good government of the city and as an exercise of its corporate powers; and, not being in furtherance of any purpose for which the municipality was created, nor within the general scope of its powers, the same was ultra vires and void.

(Syllabus by the Court.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by B. C. Wadlington against the City of Purcell, a corporation. Judgment for plaintiff, and defendant brings error. Reversed, and cause dismissed.

*Rennie, Hocker & Moore,* for plaintiff in error.

*J. B. Thompson* and *Wayne Wadlington,* for defendant in error.

TURNER, J.   On October 5, 1909, B. C. Wadlington, defendant in error, in the district court of McClain county sued the city of Purcell, plaintiff in error, on contract to recover an attorney's feé.   The petition substantially states:   That plaintiff is a practicing attorney, resident in Purcell; that the defendant is a city of the first class, and was, prior to November, 1907. That in 1901 the city by ordinance granted a franchise to one Hine to operate a telephone system within the municipality. That said Hine in 1908, while so doing as the Purcell-Lexington Telephone Company, made an application to the Corporation Commission to raise the rates on telephones charged by said company to its subscribers, among whom was the city itself.   That the Corporation Commission thereafter notified the city of said application and set the application down for hearing, and requested the city to defend against the application.   That thereafter the city authorized its city attorney to employ plaintiff to assist him in resisting a raise in said rates, in virtue of a resolution passed by the mayor and city council on November 3, 1908, duly recorded, which said resolution read:

"The notice of the Corporation Commission being read by the clerk, advising that L. T. Hine would appear before said Corporation Commission on the 16th inst., praying for the raise of Purcell phone rates to $2.50 per month for business phones and $1.50 per month for residence phones, moved by Rackley that the city attorney be instructed to take proper steps to oppose said raise of phone rates and to choose such witnesses and assistance as he finds necessary.   Seconded by Robertson and carried."

That pursuant thereto the city attorney contracted with plaintiff, but not in writing, so to do.   That thereafter, pursuant to said employment, plaintiff appeared and defended the application before the Corporation Commission at various times, and in so doing expended large sums of money in paying his expenses to Guthrie and return and in preparing and filing a brief on behalf of the city and its citizens, with the Corporation Commission in said proceeding.   That thereafter the Corporation Commission handed down an opinion sustaining the contention of the city and denying said application.   That thereafter plain-

tiff presented his claim against the city in writing, duly verified, for $507.10 for services so rendered, which was reasonable and just, which was disallowed.    Wherefore he prayed judgment against the city for that amount.    The demurrer to the petition should have been sustained.    This for the reason that the governing statute (Wilson's Rev. & Ann. St. 1903, sec. 347 [Rev. Laws 1910, sec. 541]) gave to the municipality no power to make the contract sued on.    To be sure said statute gave to the city power "* * * to make all contracts and do all other acts in relation to the property and affairs of the city, necessary to the good government of the city, and to the exercise of its corporate and administrative powers, * * *" but this contract is not such a contract as is within the contemplation of the statute.    This for the reason that the subject-matter of the contract was not one in which the municipality had any governmental concern.    At least, it is doubtful whether the city had such power, and where such is the case the doubt must be resolved against the city and the power denied.    *Missouri, K. & T. Ry. Co. v. City of Tulsa,* not yet officially reported.

In *Field v. City of Shawnee,* 7 Okla. 73, 54 Pac. 318, the court said:

"The agents or governing authorities of a municipal corporation cannot bind the corporation by any contract which is beyond the scope of its powers or foreign to the purpose of the corporation, or which is against public policy.  1 Dill. Mun. Corp. (4th Ed.) sec. 457; *Clark v. City of Des Moines,* 19 Iowa, 199 [87 Am. Dec. 423]; *Penley v. City of Auburn,* 85 Me. 278, 27 Atl. 158 [21 L. R. A. 657]; *Newberry v. Fox,* [37 Minn. 141] 33 N. W. 333 [5 Am. Rep. 830].

"When a corporation is created by a public statute for definite and limited objects, to which its funds are to be applied, a contract, which is entirely unconnected with those purposes, or which on its face will cause an illegal or wrongful application of the funds, or an application to other objects, is *ultra vires* and void.  2 Dill. Mun. Corp. (4th Ed.) sec. 936; *Moore v. Mayor,* 73 N. Y. 238 [29 Am. Rep. 134]; *Albany v. Cunliff,* 2 N. Y. 165; *Appleby v. Mayor,* 15 How. Prac. (N. Y.) 428; *Bonesteel v. Mayor,* 22 N. Y. 170."

In that case there was a demurrer to the plaintiff's petition. The petition alleged, in substance, that theretofore there had been

pending before the Secretary of the Interior an application for the ratification and approval of the maps and surveys of a certain line of railroad through a certain county in the state; that the Secretary had authority to determine upon which of the two surveys the line of road should be built; that plaintiff, at the special and instant request of the president, secretary, and board of trustees of the town of Shawnee and by virtue of a certain power of attorney executed by them, appeared before the Secretary for the purpose of presenting to him, among other things, the location of the town and the benefits that would accrue to it by reason of the railroad passing through its corporate limits; and that his services and expenses were reasonably worth a sum certain, for which he sued the city. It was held that the demurrer should have been sustained. In the syllabus the court said:

"The defendant, a municipal corporation, entered into a contract with the plaintiff to go to Washington to present facts and reasons to the Secretary of the Interior to induce said officer to require the location of a railroad upon a line running through the limits of the territory of the defendant corporation, and agreeing to pay the plaintiff for said services. *Held*, that said contract was not in furtherance of any purpose for which the defendant corporation was created, nor within the general scope of its powers; that it was therefore *ultra vires* and void, and no recovery could be had thereon."

See, also, *Arkansas Valley & W. Ry. Co. v. Farmers' & Merchants' Bank,* 21 Okla. 322, 96 Pac. 765, 129 Am. St. Rep. 782; *City of Auburn v. City of Lewiston,* 85 Me. 282, 27 Atl. 159; 2 Dill. Mun. Corp. (4th Ed.) sec. 936.

Being therefore of opinion that the subject-matter of this contract was entirely disconnected with the purposes for which the municipality was created, and hence *ultra vires* and void, and that the payment of the fees sued for would be an illegal and wrongful deflection of the funds of the municipality, it follows that the trial court erred in overruling the demurrer to the petition, and that the judgment of the trial court should be reversed, and the cause dismissed. It is so ordered.

All the Justices concur.