INHABITANTS OF THE TOWN OF SANFORD.

*vs.*

INHABITANTS OF THE TOWN OF HARTLAND.

York.    Opinion, September 23, 1943.

*Gendron & Gendron,* for the plaintiffs.

*Barnett I. Shur,* for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J. This action of assumpsit, brought to recover money paid for the support of persons having a pauper settlement in the defendant town, was heard by the Justice presiding below without the intervention of a jury and comes to this Court on exceptions duly taken to his decision under right reserved therefor duly entered on the docket.

The decision excepted to is stated in the words:

"Judgt. for defendant because of failure of notice,"

but the nature of the insufficiency is not declared. A copy of a notice dated May 10, 1941, appears in the record as an Exhibit, and stipulation carries acknowledgment that it was received by the defendants "in due course of mail."

The stipulation establishes factually that the pauper settlement of the distressed persons named was in the defendant town, that all supplies listed had been furnished them on the dates alleged, and that the charges therefor were just and reasonable.

The writ is dated September 3, 1942. The account annexed opens and closes with items under dates of August 5 and December 31, respectively, both in the year 1941. Trial was at the October Term, 1942, and prior thereto the declaration was amended by adding charges on dates commencing January 6, 1942, and ending on April 7 in that year. The ad damnum was not increased.

The notice, addressed to and signed by, the Overseers of

the Poor of the respective towns, named three persons, a mother and two minor children, declared the latter to have been born in the defendant town on named dates, and after reciting that they had fallen into distress and been furnished relief, requested their removal or other provision for them. The statement:

"The sums expended for their support up to this date are (see reverse side) "

appears in the notice, but no charges are there listed and this may indicate that no actual disbursements had been made. No question is raised, however, that the distress and the assumption of the burden thereof occurred prior to the date of the notice. Actual disbursement is not essential, *Inhabitants of Fayette* v. *Inhabitants of Livermore*, 62 Me., 229.

The notice does not disclose either the date on which the persons to whom the action relates fell into distress or that on which the first item of relief was furnished, nor are these items of information supplied either by stipulation or oral testimony. Allegation in the declaration is that the distress relates back to May 7, 1941, and it is stipulated that the defendants, subsequent to July 12, 1941, paid the plaintiffs the sum of $57.38, tendered and accepted in full for everything furnished up to and including the last named date. The plea was the general issue with a brief statement alleging failure to send a proper pauper notice.

The purpose of the notice required by statute, R. S. (1930), Chap. 33, Sec. 31, was early declared in this Court, *Inhabitants of Garland* v. *Inhabitants of Brewer*, 3 Me., 197, and the declaration therein made has been substantially reaffirmed within a few years, *Inhabitants of Turner* v. *City of Lewiston*, 135 Me., 430, 198 A., 734. Notices in varying forms have been held sufficient, *Inhabitants of Bangor* v. *Inhabitants of Deer-Isle*, 1 Me., 329; *Inhabitants of Kennebunkport* v. *Inhabitants of Buxton*, 26 Me., 61; *Inhabitants of Holden* v. *Inhabitants of*

*Glenburn,* 63 Me., 579. The notice in the instant case more than amply meets the minimum requirements that have been declared in these cases and others of like tenor. We apprehend that the decision of the Justice below could not have been based on a finding that the notice given was insufficient in form. It is stated in the bill of exceptions that the basis of the ruling was that the notice was not sufficient because of the payment of $57.38 already noted—"that a new notice should have been sent to the Town of Hartland following" such payment.

The law in this State has long required muncipalities to relieve destitute persons and permitted recovery therefor on proper notice to, and process against, the town in which they had a pauper settlement, *City of Bath* v. *Inhabitants of Harpswell,* 110 Me., 391, 86 A., 318; *Inhabitants of Fort Fairfield* v. *Inhabitants of Millinocket,* 136 Me., 426, 12 A. (2d), 173. This recovery embraces all supplies furnished during a period commencing three months prior to the notice and terminating when suit is commenced, not more than two years after the right of action accrued, *Inhabitants of Veazie* v. *Inhabitants of Howland,* 53 Me., 38; *Same* v. *Same,* 53 Me., 39; *City of Bath* v. *Inhabitants of Harpswell,* supra. This means, ordinarily, two months after delivery, but answer denying liability returned earlier has been held to accelerate both the right of action and the commencement of the period of limitation, *Inhabitants of Sanford* v. *Inhabitants of Lebanon,* 26 Me., 461; *Inhabitants of Robbinston* v. *Inhabitants of Lisbon,* 40 Me., 287.

Quotations may be selected from our reported cases which, standing apart from the contexts in which they appear, seem to read at variance with these established principles, but consideration of the facts adjudicated and careful reading of the opinions as a whole will disclose that none of them have been intended to change or qualify the generally accepted rules of law above stated.

In *Inhabitants of Cutler* v. *Maker*, 41 Me., 594, it is stated that the cause of action accrued "at the time of the delivery of the notice," and that the period of limitation then began to run. For this statement *Inhabitants of Camden* v. *Inhabitants of Lincolnville*, 16 Me., 384 (and another case not important to the present discussion) are cited as authority. In the named case it was not material whether the control date was that of the delivery of the notice or two months thereafter, and we believe it must be true, as declared by Mr. Justice Walton in *Inhabitants of Veazie* v. *Inhabitants of Howland*, supra (the second of the cited cases between these parties), that the statement was an inadvertence "into which the learned Judge who drew the opinion was probably led by the erroneous notes of the reporter." Reference is to the fact that the headnote in the earlier case interprets that decision in accordance with its citation in the later one.

*City of Bangor* v. *Inhabitants of Fairfield*, 46 Me., 558, presents an additional illustration. That opinion quotes from an unidentified source that the right to reimbursement is limited to " 'expenses incurred within three months next before written notice given.' " The language is suggestive of that part of the pertinent statute, R. S. 1857, Chap. 24, Sec. 24, reading:

"the expenses whereof and of their removal incurred within three months before notice given to the town chargeable, may be recovered,"

yet the right undoubtedly covered the period commencing three months before notice and extending until the period of limitation expired. Later declaration in this opinion is that when payment is made by the town notified, a new notice is necessary to recover for further supplies. The action under consideration was not commenced until after the lapse of more than two years and five months from the date of delivery of the statutory notice, and was barred even for items dis-

bursed within two years of the date of the writ, *Inhabitants of Veazie* v. *Inhabitants of Howland,* supra (again the second cited case). Quoting Mr. Justice Walton in that case once again, it does not seem that the remarks of the writer of the opinion, or either of them, would "warrant the inference that the Court intended to . . . establish a new rule."

The defendants rely upon comment in *City of Bangor* v. *Inhabitants of Fairfield,* supra, that payment of the amount due when notice was given barred recovery for later supplies except on the basis of a new notice, and its substantial repetition in the recent case of *Inhabitants of Turner* v. *City of Lewiston,* supra. Recovery in the last named case, sought for expense incurred under P. L. 1935, Chap. 91, was denied because no notice had been given. Reading of the entire opinion makes it apparent that there was no intention to change the principle of law controlling in the instant case.

Notice authorizes recovery for expenses incurred in the relief of destitute persons for three months prior thereto and until the expiration of two years beyond the date when the right of action accrues unless its effectiveness is terminated by removal of the pauper, *Inhabitants of Greene* v. *Inhabitants of Taunton,* 1 Me., 228; by other action such as undertaking the care of the pauper named, *Gross* v. *Inhabitants of Jay,* 37 Me., 9; or by the institution of process, *Inhabitants of Veazie* v. *Inhabitants of Howland,* supra (53 Me., 39); *Inhabitants of East Machias* v. *Inhabitants of Bradley,* 67 Me., 533. The ruling that payment of a bill rendered for some supplies furnished terminated the effect of the notice was erroneous, *City of Bath* v. *Inhabitants of Harpswell,* supra.

*Exceptions sustained.*