**INHABITANTS OF the TOWN OF ETNA**

**v.**

**INHABITANTS OF the TOWN OF PLY-
MOUTH and Inhabitants of the
Town of Troy.**

Supreme Judicial Court of Maine.

July 20, 1966.

Needham & Needham by John H. Needham, John T. Quinn, Bangor, for plaintiff.

Judson A. Jude, Newport, Lawrence D. Ayoob, Waterville, for Town of Plymouth.

Harry R. Coolidge, Pittsfield, for Town of Troy.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

WEBBER, Justice.

This is an action to recover the cost of pauper supplies furnished by the Town of Etna in 1962. The matter is reported for our final decision upon an agreed statement of facts. On a prior action brought in 1959 by the defendant Town of Troy against the defendant Town of Plymouth involving supplies furnished by Troy to the same pauper, judgment was for Plymouth. On

June 16, 1951 the pauper's legal settlement was in Plymouth.

The case presents three issues of law:

(1) Is the plaintiff Town of Etna estopped to show a pauper settlement in the Town of Plymouth by the effect of 22 M.R.S.A. Sec. 4476?

(2) In determining whether or not the pauper acquired a new settlement by residence in Troy from June 16, 1951 to October 28, 1957 within the meaning of 22 M.R.S.A. Sec. 4451, Subsec. 6, should the time within which the pauper was incarcerated in the Reformatory for Men (18 months and 13 days) be deducted?

(3) Is the Town of Woolwich deemed to have furnished pauper supplies on October 28, 1957 within the meaning of said Sec. 4451 where in fact it furnished medical services upon its credit but for which no payment has been made?

█ *Estoppel.* The last sentence of 22 M.R.S.A. Sec. 4476 provides: "A recovery in such an action against a town estops it from disputing the settlement of the pauper with the town recovering in any future action brought for the support of the same pauper." In the instant case the action is brought by Etna which was not a party to the prior action in which Plymouth prevailed against Troy. Although Plymouth could properly raise the estoppel as against Troy in an action between them involving the same settlement, it may not have the benefit of the defense as against Etna. The above quoted portion of the statute has been a part of the pauper law in substantially the same form for many years. In an early case our court interpreted the statute using this language: "The intention appears to have been, that the settlements of paupers should be finally determined *between the parties* in one action, and not to have repeated and continued litigation *between them* respecting it. It was not intended to permit a town, which had commenced an action and been defeated in it, to continue to litigate *the same settlement with the same town* as often as it pleased, while it failed to obtain a judgment in its favor. * * * If not, a town might commence several actions before a trial was had in one, and thus have several decisions *upon the same settlement between the same towns,* while it was evidently the intention to have the settlement *between them* finally determined in one action." (Emphasis ours.) Oxford v. Paris (1851) 33 Me. 179, 181. We note that the estoppel has been effectively raised only in the case of a second action between the same towns involving the same settlement. Inhabs. of Jay v. Inhabs. of Carthage (1865) 53 Me. 128; Bangor v. Brunswick (1851) 33 Me. 352. The rationale of Oxford has never been qualified or repudiated. See Friendship v. Bristol (1934) 132 Me. 285, 290, 170 A. 496. No case has been called to our attention in which the estoppel has been raised against a town not a party to the prior action and we are satisfied that the statute does not permit such a result. It follows that in the instant case Etna is not precluded by the prior judgment from proving a settlement in Plymouth.

█ *Settlement acquisition during custody.* 22 M.R.S.A. Sec. 4453 provides in part: "The settlement status of a person in the military or naval service of the United States or of a person who is an inmate of any asylum, penitentiary, jail, reformatory or other state institution shall not change during such period of service, confinement or imprisonment, but his settlement shall remain as it was at the time of the beginning of such service, confinement or imprisonment." The language is unambiguous and does not admit of doubt as to legislative intent. During the period of incarceration, the pauper's settlement is "frozen" and such period is not to be counted in making the five year computation required by 22 M.R.S.A. Sec. 4451, Subsec. 6. See Inhabs. of Hartland v. Inhabs. of Athens (1953) 149 Me. 43, 98 A.2d 542. In the instant case, after deducting the 18

months and 13 days which the pauper spent in custody in the Reformatory, he had on October 28, 1957 (the date when he received pauper supplies from Woolwich) resided in Troy for settlement purposes only 4 years, 9 months and 29 days. He had not thereby acquired a new settlement in Troy.

■ *Supplies on credit.* "In ordinary cases of furnishing supplies directly by a town to a pauper, it matters not whether the town has paid for the supplies or has obtained them on its own credit. Fayette v. Lawrence, 62 Me. 234." Dexter v. Sangerville (1880) 70 Me. 441, 444. See also Auburn v. Lewiston (1893) 85 Me. 282, 27 A. 159; Inhabs. of Town of Sanford v. Inhabs. of Town of Hartland (1943) 140 Me. 66, 68, 34 A.2d 15.

■ We conclude that the pauper had a legal settlement in Plymouth which remained unchanged on September 22, 1962 when the plaintiff town furnished supplies for which recovery is sought in the case before us. The pauper failed to acquire a new legal settlement in the Town of Troy by residing there "for 5 successive years without receiving supplies as a pauper, directly or indirectly" as is required by said Sec. 4451, Subsec. 6.

The entry will be

Judgment for the Town of Etna against the Town of Plymouth. Judgment for the Town of Troy against the Town of Etna. Costs on report to be taxed to the Town of Plymouth.