All the judges concurred in the foregoing opinion, except STRONG, Judge, who dissented. PRATT, Judge, read an opinion for affirmance on the further ground that the report of the referee disclosed no error at the time. Judgment affirmed.

---

## SUPREME COURT.

STEPHEN V. APPLEBY agt. THE MAYOR, &c. of New-York, and TERRENCE FARLEY.

It is obligatory upon the common council of the city of New-York, to award and make a contract for the grading of a street to the *lowest bidder*.

A contract made by the corporation contrary to law, is not binding, and cannot be enforced.

A tax payer has a clear right to invoke the aid of this court, to restrain the execution of a contract entered into by the common council in violation of law.

*New - York, Special Term, March,* 1858.
MOTION for judgment of perpetual injunction.

H. C. VAN VORST, *for plaintiff*.
A. L. WILLARD, *for defendant Farley*.

DAVIES, Justice. The complaint was filed in this cause by the plaintiff as a tax payer and corporator of this city, as well on his own behalf as of all others similarly situated, to restrain the defendant the mayor, &c., from paying any money to the defendant Farley, on a contract made with the street commissioner, for regulating and grading 58th street, between 8th and 9th avenues. It also prays that the defendant Farley may be restrained from any further proceedings under said contract.

The common council by ordinance passed Dec. 27, 1856, directed that 58th street, between 8th and 9th avenues, be regulated and graded. By the ordinances of the city, it then

became the duty of the commissioner to issue proposals inviting bids to have the work done by contract. In such proposals it was estimated that there would be of earth excavation to complete said work, 3,501 cubic yards, and rock excavation, 12,388 cubic yards.

Bids were received as follows:—

|  | EARTH<br>per cubic yd. | ROCK<br>per cubic yd. |  |
|---|---|---|---|
| Terrence Farley, | $1.85 | 00 | $6,476.85 |

and from various other persons. On the assumption made by the street commissioner, that there were 3,501 cubic yards of earth to be excavated, and that this was to be done for $1.85 a cubic yard, and that 12,388 cubic yards of rock were to be excavated, and this was to be done for nothing, Farley was the lowest bidder. On this assumption the street commissioner reported the bids to the common council, and the contract was awarded to Farley, and a contract was entered into between him and the street commissioner, dated May 5, 1857, by which he agreed to do the work on the terms mentioned in his bid, to wit: for every cubic yard of earth excavated, he was to receive $1.85, and for every cubic yard of rock excavation, nothing. If the correct amount of excavation of earth and rock had been taken as the basis of the contract, and which is now ascertained to have been as follows:

| Earth excavation, | 6,345 cubic yards |
|---|---|
| Rock | 7,140    " |

the bids would have been as follows:—

|  | EARTH<br>per cubic yd. | ROCK<br>per cubic yd. |  |
|---|---|---|---|
| Farley . . . | $1.85 | 00 | $12,848.25. |
| Taylor . . . . | 35 | 84 | 8,344.35 |
| M'Grath . . . | 20 | 95 | 8,077.00 |
| Masterton . . | 1.00 | 25 | 8,705.00 |
| Ellis . . . . . | 15 | 90 | 7,377.75 |
| Conolly . . . . | 61¼ | 62½ | 8,653.81 |
| Hodgins . . . | 62 | 64 | 8,811.50 |

. From this it is manifest that the bid of Farley to do the work is the highest bid made; that he will receive $4,000 more for the work than any other bidder, and more than $5,000 over and above what Ellis offered to do the same work for.

It is clear, therefore, beyond all contradiction, that the contract was awarded and given, and made with, not the lowest bidder, but the highest.

The provisions of the charter and ordinances in force at this time, were such as to make it obligatory upon the street commissioner and the common council to award, and to make the contracts with the lowest bidder. (*Section* 12 *of the charter of* 1853, *Dav. Laws, p.* 212, § 501, *of Ordinances of* 1849, *as amended.*)

It is well settled that no contract can be made which will bind the corporation, which is made contrary to law. (*See McSpedon* agt. *Stout,* 4 *Abbott,* 23, *and cases there cited.*)

It follows, therefore, that this contract, having been made in direct violation of law, cannot be enforced, and under the decisions made in this district, the plaintiff, as a tax payer, has a clear right to invoke the aid of this court to restrain its execution, or the payment of any money out of the city treasury on account thereof.

A judgment will be entered declaring the contract illegal and void, and that a perpetual injunction be granted, as prayed for in the complaint.