JUDGE COFER
delivered the opinion oe the court.
The City Council of Covington, desiring to procure legislative authority, to the city, to build a bridge over the Ohio River, and also desiring some additional legislation by Congress in aid of the project, procured Worthington and others to visit the city of Frankfort, and advocate before committees of the General Assembly the passing of the desired state legislation, and W. E. Arthur to visit the federal capital and procure the necessary congressional action.
Afterward the city council passed a resolution appropriating, out of the revenues of the city, the sum of $186, to pay the expenses incurred by those gentlemen in going to Frankfort and Washington City.
The appellants, who are residents and tax-payers of the city of Covington, brought this suit to enjoin the city officials from paying the money in accordance with the resolution of the council. The court below sustained a demurrer to the petition, and the only question in this appeal is whether that action of the court was proper.
The city council is authorized to levy and collect taxes, not, however, to exceed a designated amount on each $100 worth of taxable property, but the charter does not, and indeed could not consistently enumerate the purposes to. which the revenues of the city shall or may be appropriated; and whether the appropriation in question here was authorized must be determined by an inquiry into the nature of municipal corporations and the objects for which they are created.
They are agencies of the sovereign, to whom certain powers are delegated because they can be safely confided to, and can be more intelligently and advantageously exercised by, a local magistracy than by the sovereign authority in the state.
. But. as the powers delegated are sovereign powers, the instrument by which they are delegated will always be strictly *314 construed, so that only such as were clearly intended will be regarded as having been granted.
Such corporations “ can exercise no powers but those which are conferred upon them by the act by which they are constituted, or such as are necessary to the exercise of their corporate powers, the performance of their corporate duties, and the accomplishment of the purposes of their association." (Spaulding v. Lowell, 23 Pickering, 71, and authorities cited in note 1, sec. 55, Dillon on Municipal Corporations.)
The construction of a bridge across the Ohio River, to connect the city of Covington with the neighboring city of Cincinnati, in the state’ of Ohio, was not, under the charter as it then existed, a part of the duty of the city council of Covington, nor was the legislation sought by the council necessary to enable it to perform its corporate duties or to accomplish the purposes for which the corporation was created. True, such an enterprise might be of very great advantage to the city by inviting population, enhancing the value of real estate, and in many other ways.'
The same might be said of the establishment of a line of ferry-boats to ply between Covington and’Cincinnati, of a line of packets to ply between Covington and New Orleans, Louisville or Pittsburgh, and of a railroad connecting with any of the large cities on the Atlantic seaboard; and if the city council might lawfully appropriate the revenues of the city to procure legislation to authorize it to build a bridge over the Ohio because such a bridge would benefit the city, it might, upon the same ground, make appropriations to secure legislative authority to accomplish the other enterprises to which we have referred, and corporate expenditures might thus be increased indefinitely.
With the question whether their corporate powers should be enlarged, the corporate authorities, as such, had no concern. Their duties and powers were ascertained and fixed *315 by tbe legislature which created the corporation to exercise the powers granted, and perforin the duties imposed, and the city council has no authority to appropriate any of the revenues of the city except to enable it to discharge some duty imposed by law, or to accomplish some object for which the corporation was created. (Stetson v. Kempton, 13 Mass. 271.) The members of the city council, in their capacity of citizens,- had a right to apply to the legislature to enlarge the powers of the corporation; but it would be dangerous in the extreme to hold that they might employ the power already granted and the money belonging to the city to obtain, through persons sent by them to appear before- the General Assembly, an increase of the powers of the corporation. If the authorities of cities and towns may, at their discretion, use the corporate revenue to procure such legislation as they may deem to the interest of their municipalities, the worst consequences may be apprehended. Such a practice would inevitably lead to abuses, and the history of municipal corporations in this country during the last quarter of a century gives ample warning of the danger of relaxing the well-established rule that municipal charters are to be strictly construed, and the powers of corporate authorities confined to such as are granted in express words, or are necessarily and fairly implied, or are essential to the objects of their creation.
The amount involved here and the nature of the additional powers sought by the city council are sufficient to repel' any suspicion of improper motives on the part of its members; and we are glad of an opportunity to declare the law of this subject in a case which, while it will serve all the purposes of a safe precedent, leaves unsullied the official and personal character and integrity of the functionaries whose act we feel compelled, by principle, authority, and an obvious public policy, to declare illegal.
*316 We might cite many adjudications to sustain this conclusion, but deem it unnecessary. The principle we have applied has become elementary in this country and in England; and when corporations are being multiplied and their powers enlarged at each succeeding session of the General Assembly, and when corporate debts are being created at a rate exceeding the growth of the country in wealth and population, every enlightened person, lay or professional, must see the absolute necessity for a firm adherence to the established canons for the construction of the charters of municipal as well as of private corporations.
We are therefore of the opinion that the court erred in sustaining appellees’ demurrer, and the judgment is reversed and cause remanded with directions to overrule the demurrer, and for further proper proceedings.