By the Court.—Dugro, J.
Section 64 of chapter 410 of Laws of 1882 provides that all contracts shall be awarded to the lowest bidder. The lowest bidder for the work actually to be done is intended, and not the lowest bidder for an estimate of the work to be done.
The contractor Reilly was certainly not the lowest bidder for the work provided for by the contract in the matter before us; for in this case, only an estimate of the quantities of material to be removed was obtained, and these estimated quantities were relied upon as factors in determining the lowest bidder; the actual work to be done was no factor whatever in the dótermination.
Some of the bids for the estimated quantities of rock and earth, etc., were as follows :—
*469 Cubic y’d Cubic y’d
earth. rock. Curb. Flag. Total.
W. E. Dean,.............$0.25 $1.45 $0.78 $0.26 $20,672.12
M. H. Foley,............. 1.78 1.20 1.20 1.2Ó 12,848.32
John B. Devlin......... 70 1.25 55 22 20,782.00
R. J. Mills,............... 65 1.35 75 30 22,955.00
Wm. Phelan,____________ 40 1.60 65 26 23,131.00
John Slattery,..-_________ 68 1.75 65 26 26,891.00
Thomas E. Crimmins,.. 50 1.75 60 25 24,909.40
Wm. J. Reilly,.......... 1.69 .01 01 01 12,336.64
The amount of these bids attested by the actual quantities of rock, earth, etc., were :
W. E. Dean, $15,309.50 ; M. H. Foley, $27,121.47 ; John B. Devlin, $19,681.24; R. J. Mills, $21,311.85; Wm. Phelan, $18,220.37; John Slattery, $23,472.06 ; Thomas E. Crimmins, $20,045.85; Wm. J. Reilly, $25,255.23.
The lowest bidder, therefore, for the actual work to be done, was W. E. Dean. •'
There is no warrant in law for making estimated quantities of the respective classes of work to be done, factors in the determination of the question as to who the lowest bidder is for public work, the lowest bidder for the contract (not the presumed lowest bidder) is the bidder intended by the statute. Sec. 65 of chap. 410, Laws of 1882.
It is unnecessary to say that if the work were -all of one class, as the removal of earth, or of a mass as amass, no trouble would arise in determining the lowest bidder, but when it is proposed, as in the case at bar, to make one contract which shall provide for the removal of a mass made up of earth and rock, in unknown proportions, a difficulty arises. For then it is apparent that if the price fixed for the removal of earth be other than that fixed for the removal of rock, the only manner in which the question can be determined in the method adopted by ttie city officials in this case, is by a computation in which the respective prices for earth and rock removal, and the respective quantities of earth and rock *470 will be the factors. And if it is not possible to determine the proportions of the earth and rock no determination of the question can be made.
The method adopted in the case at bar of estimating the respective proportions of earth and rock, and making the amounts of these estimated quantities factors in the determination of the question, is manifestly no solution, it is a mere conjecture dependent for its verity upon whether the estimates be correct or not.
The lowest bidder for the actual work to be done is intended, and not the lowest bidder on the estimated quantity of work to be done. Appleby v. The Mayor, 15 How. Pr. 428.
“ The party aggrieved was employed in contravention of the policy and terms of the statute. He could not contract with the city except through its authorized agents, and he is chargeable in law with notice of the limitations of official authority imposed by general laws.” Donovan v. The Mayor, etc., 33 N. Y. 293; McDonald v. The Mayor, etc., 68 Ib. 23.
To make a contract for removing a mass containing unknown proportions of rock and earth, it is not necessary to resort to such a system as was adopted in the case at bar.
Many lawful methods of contracting for the wqrk suggest themselves to our minds in which the lowest bidder for the work actually to be done can be ascertained with certainty.
The object of the statutes and the ordinances was to invite real competition for work and to secure its performance for the lowest price which fair and real competition would produce. Matter of Ralph Marsh, 83 N. Y. 434.
The system adopted in the present case is neither sanctioned by law, nor warranted by necessity; it is permissive of pernicious and dangerous results, and could never have been intended to be authorized by law.
*471 We have now before this court a case wherein, under this system of accepting a lowest bidder for estimated quantities as the lowest bidder for a contract, one whose bid (by a computation based on estimated quantities of earth and rock and the bidders’ prices for their removal per cubic yard) was $15,526.28, and who by the application of his figures to the actual quantities, as they were ascertained on the completion of the work, received from the city $117,395.68, while the reasonable cost of doing the work was $26,541.79.
It will probably be claimed that, as the city stated its estimate of the respective quantities, and then called for estimates of price per cubic yard only for the various works to be done, with notice that it would not be bound as to quantities, no injustice could be done by an award—in other words, that all the bidders, knowing that the estimated quantities were to be factors only in ascertaining the lowest bidder, were aware that they must determine for themselves the actual qualities. Such reasoning is plausible but specious, «and cannot control this court. The estim«ated quantities were used as though they were the true quantities in the letting of the work, and the city was thereby made a party to a venturesome speculation far removed from the letter and the spirit of the Law. A bidder’s figures will of necessity be fixed by him with regard to the proportionate quantities of earth and rock, as he believes them to exist; and his selection of factors in the determination of the award will be such as will make his bid in amount as he desires, while the factors he selects may be such as will cause the city to pay the highest possible price for the variance between the quantities as estimated by the city and the quantities as they actually exist.
No authority was given by the act to the common council to adopt any ordinance or regulation which should in any way interfere with or prevent the ascertainment of the lowest bidder for the contract, that is, *472 for the actual quantity of any public work to be done, or which would leave the determination of such a lowest bidder to chance or conjecture.
Any system of letting contracts for public work is illegal which necessitates the determination of the “ lowest bidder” by conjecture, when it is possible to let a contract for the same work to “ a lowest bidder ” in whose selection no element of chance enters. The disposition of this question makes it unnecessary to consider the others, raised by the appeal.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
Sedgwick, Ch. J.
I agree with Judge Dugro in his opinion.
The statute provides that the head of the department shall award the contract to the lowest bidder. Of course, the bidding must refer to the work to be done. If the basis of ascertaining who is the lowest, bidder be an estimate of quantities or specifications, they are used on the assumption that they correctly describe, in an approximate way, the work to be done.
The necessary implication in the statute is, that means shall be used that are adequate to ascertain who is the lowest bidder. A bidder must abide the true construction of the statute as well as the city officials. He who claims to be the lowest bidder must justify his claim by the fact that he was lowest bidder, as ascertained according to the statutory intent.
The statute requiring, in substance, that it shall appear who is the lowest bidder, there can be no award of the contract if, after considering all the contingencies, it appears that one of several may be the lowest bidder, but that it is impossible to fix upon the one who is.
One of the implied conditions of the statute is that, if estimates and specifications be used, they are to be shaped so that a calculation upon them will be more or less—that is, disregarding inevitable and relatively un *473 important inaccuracies, the same as if a calculation were made as to the work when done.
If it should appear, as in this case it does appear, that one of the bidders is lowest only on the assumption that the estimate properly describes the work and that another is the lowest, if the estimate does not properly describe the work, a decision would turn on the character of the estimate. Under the statute, it is not too late to prevent a contract being awarded illegally because the insufficiency of the estimate is discovered, or rather recognized, for the first after biddings are opened. The question would be: Does it appear that the estimate is an approximate description of the work, or does it appear that it cannot be affirmed that it is an approximate description, because it is no statement of things known to be facts, but is only a guess as to the facts ?
This must be determined by a comparison of the statements of the' estimate with the facts of the proposed improvement. An estimate does not import in itself any conclusively absolute verity. Its value as helping to ascertain who is the lowest bidder does not arise from its being made, but from its correspondence with the work to be done.
Testimony as to the proposed improvement might shoAv that it Avas possible to make a proper estimate, and that such Avas not made, or that it was not possible to make such, and that therefore the estimate as made afforded no means, of concluding whether a bidder upon its terms would be the loAvest bidder for the work in fact to be done.
The truth as to the estimate in the present case is, that it was very far from an approximately correct description of the work. The work done, of excavation, was of 18,973 cubic yards; the estimate called for the excavation of 16,000 yards. There were, in fact, 15,033 yards of earth excavated; the estimate named 7000 yards of earth. There were 3943 yards of rock excavated ; the estimate named 9000 yards.
*474 The official who made the estimate was in ignorance df the quantity of work to be done and of the proportion of rock and earth. He and no one could say that the estimate was correct—he could not believe that it was. At the best it was a guess. These things appear in the facts and documents in testimony on the trial, and the defendant was not allowed to give testimony as to the facts of the proposed improvement that would have helped'to determine the character of the estimate as a description of the work to be done.
If, on all the facts, it should be inferred that the quantities of the estimate were only given which might or might not turn out to be true, then I am of opinion that, as matter of law, it was illegal and against the statute to find that the plaintiff, rather than others, was the lowest bidder. It was matter of chance at that time as to who was the lowest bidder.
It is argued that such a train of reasoning disregards the fact that, in estimates made before the awarding of the contract, there must be uncertainty. This is true; but that kind of uncertainty is not the result of an omission to use the best means of making certainty as great and uncertainty as slight as is practically possible. In the present case the facts may show that proper means were not used to make the estimate certain to any extent, but that as to rock and earth it was altogether uncertain.
It may, perhaps, be said that there were no means of making a reasonably certain or approximately correct estimate. If that were the case, and for that reason it could not be ascertained who was the lowest bidder,-it is not a justification of awarding a - contract under the statute,'as if there were a known lowest bidder.