## W. S. FIELD v. THE CITY OF SHAWNEE.

(Filed July 30, 1898.)

MUNICIPAL CORPORATIONS—*Contract Ultra Vires.* The defendant, a municipal corporation, entered into a contract with the plaintiff to go to Washington to present facts and reasons to the secretary of the interior to induce said officer to require the location of a railroad upon a line running through the limits of the Territory of the defendant corporation, and agreeing to pay the plaintiff for said services. *Held,* that said contract was not in furtherance of any purpose for which the defendant corporation was created, nor within the general scope of its powers; that it was therefore *ultra vires* and void, and no recovery could be had thereon.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before J. R. Keaton, District Judge.*

*Byron Shear* and *Amos Green & Son,* for plaintiff in error.

*E. E. Hood, City Attorney,* and *L. G. Pittman,* for defendant in error.

Action by W. S. Field against the city of Shawnee upon a contract for services as an attorney. From a judgment for defendant, plaintiff brings error. Affirmed. Opinion of the Court by

TARSNEY, J.: This appeal is from a judgment of the district court sustaining a demurrer to the plaintiff's petition. The petition alleged that during the winter of 1895 there was pending before the secretary of the interior an application for the ratification and approval of maps and surveys of the Choctaw, Oklahoma & Gulf Railroad, to be constructed through the county of Pottawatomie; that two lines for the construction of said railway had been surveyed, one running through the town of Shawnee, the other running three miles south thereof; that the secretary of the interior had authority to determine upon which of said lines said road should be constructed; that plaintiff, at the special instance and request of the president, secretary, and board of trustees of said town, and by virtue of a written power of attorney executed by them, appeared before the secretary of the interior, acting as attorney for said town, "for the purpose of presenting to the secretary of the interior the location, organization, and conditions of said town of Shawnee, and for the further purpose of presenting to him the benefits that would inure to said town of Shawnee, by reason of said railroad entering within the corporate limits thereof." The petition further alleged that, in representing said town as aforesaid, plaintiff expended the sum of $200 in necessary expenses of travel and living, and that in the performance of his duties he

consumed 30 days' time, and that his services were reasonably worth the sum of $300. Judgment was asked for $500.

The demurrer was properly sustained. No cause of action was shown in this petition. The defendant is a municipal corporation, successor of the town of Shawnee, and, as such successor, liable for the legal obligations of said town; but the question is, can a municipal corporation bind itself by any such contract or agreement as that pleaded? The agents or governing authorities of a municipal corporation cannot bind the corporation by any contract which is beyond the scope of its powers or foreign to the purpose of the corporation, or which is against public policy. (1 Dill. Mun. Corp. [4th Ed.] Sec. 457; *Clark v. City of Des Moines*, 19 Iowa, 199; *Penley v. City of Auburn*, 85 Me. 278, 27 Atl. 158; *Newberry v Fox* [Minn.] 33 N. W. 333.)

When a corporation is created by a public statute for definite and limited objects, to which its funds are to be applied, a contract which is entirely unconnected with those purposes, or which on its face will cause an illegal or wrongful application of the funds, or an application to other objects, is *ultra vires* and void. (2 Dill. Mun. Corp. [4th Ed.] Sec. 936; *Moore v. Mayor*, 73 N. Y. 238; *Albany v. Cunliff*, 2 N. Y. 165; *Appleby v. Mayor*, 15 How. Prac. 428; *Bonesteel v. Mayor*, 22 N. Y. 170.)

It is not contended by plaintiff in error with any great force that the defendant, by the statute under which it was incorporated, had power to make the contract sued on, or that such contract was within any of the purposes for which the defendant was created, or that it is not *ultra vires*; but it is contended that, conceding

that there was a defect of power on the part of the defendant to enter into said contract, and that it is *ultra vires*, yet, it having been wholly executed on the part of the plaintiff in error, he having expended the sum of $200 in and about its execution, and relying thereon, and the defendant having received the benefit of the contract, it is estopped from setting up the defense of a want of power to make it. We cannot approve this contention. As a general rule, a municipal corporation is only liable upon express contract authorized by ordinance, resolution, or other equivalent proceeding. It cannot be rendered liable upon an implied contract except under special conditions, such as from the use of money or other property which does not belong to it, or for liabilities springing from the neglect of duties imposed by its charter, from which injuries to parties are produced.

The doctrine of *ultra vires*, is clearly stated by Swayer, C. J., in *Ditch Co. v. Zellerbach*, 37 Cal. 578, as follows: "The term *ultra vires*, whether with strict propriety or not, is also used in different senses. An act is said to be *ultra vires* when it is not within the scope of the powers of the corporation to perform it under any circumstances or for any purpose. An act is also sometimes said to be *ultra vires* with reference to the rights of certain parties when the corporation is not authorized to perform it without their consent; or with reference to some specific purpose when it is not authorized to perform it for that purpose, although fully within the scope of the general powers of the corporation, with the consent of the parties interested, or for some other purpose. And the rights of strangers dealing with corporations may vary according as the act is *ultra vires*

in one or the other of these senses. All these distinc-
tions must be constantly borne in mind in considering
questions arising out of dealings with a corporation.
When an act is *ultra vires* in the first sense mentioned,
it is generally, if not always, void in toto, and the cor-
poration may avail itself of the plea. But, when it is
*ultra vires* in the second sense, the right of the corpora-
tion to avail itself of the plea will depend upon the cir-
cumstances of the case." The case at bar is clearly
within the first sense of the rule quoted. The contract
sued upon is one which was not within the scope of the
defendant corporation to make under any circumstances
or for any purpose, and was void in toto. Cases where
the act is within the general scope of the powers of the
corporation, but its validity is dependant upon the ac-
tion or consent of certain officers or persons, and such
consent or action was not had, or where the act is in
reference to some specific purpose, when not authorized
to be performed for that purpose, although fully within
the scope of the general powers of the corporation, are
cases entirely differing from the one at bar. Not only
was this contract not within the scope of the powers of
a municipal corporation under the statutes of this Terri-
tory, but we think is was expressly prohibited.

Section 2 of an act of congress approved July 30, 1886,
provides: "That no territory of the United States now
or hereafter to be organized, or any political or munici-
pal corporation or subdivision of any such territory,
shall hereafter make any subscription to the capital
stock of any incorporated company, or company or as-
sociation having corporate powers, or in any manner
loan its credit to or use it for the benefit of any such
company or association." The purpose for which the

contract in question was made was to aid in securing the location of a railroad. The city could not receive any corporate benefit in law from the location of the road. It was the railroad company that was seeking the benefit, and the city had no authority to use its credit, and was prohibited by the act of congress from using its credit, to assist the railroad company in obtaining such benefits. The argument that, as the city owns some real estate, the same would be enhanced in value by the location of the railroad near the city, has no merit. The city could no more use its credit to obtain the consent of the secretary of the interior that the railroad company might locate its railroad near the city than it could use its credit as a consideration to induce the railroad to be built. The petition clearly stated no cause of action.

The demurrer was properly sustained. The judgment of the court below is affirmed.

Burwell, J., not sitting; all the other Justices concurring.