*Cause transferred.*

---

James Meehan *et al.* Appellees, *vs.* George Parsons *et al.* Appellants.

*Opinion filed February 16, 1916.*

1. Pleading—*what averment in answer is admitted by demurrer.* An averment in an answer to a bill to enjoin a city from paying a certain claim presented by the mayor, that the claim was presented only for the mayor's actual, reasonable, necessary and suitable expenses proper to be incurred by him in the accomplishment of the work in which he was engaged, is an averment of a fact which is admitted by demurrer, and the defendants are not required to prove that such expenses were legitimate and proper.

2. Municipal corporations—*city may pay legitimate expenses of its mayor in securing legislation for benefit of city.* It is not against public policy for a city, which must expend a large sum of money in building and re-building levees to protect it against inundation, to authorize its mayor to endeavor to secure Federal aid by obtaining an appropriation by Congress and to pay his legitimate, reasonable and proper expenses in interviewing members of Congress, appearing before committees and performing other like services in securing the appropriation.

3. Same—*what may be paid from the fund for contingent expenses.* If the necessity for securing Federal aid for a city in the matter of building and repairing levees arises after the passage of the annual appropriation ordinance, the city has power to pay the legitimate, necessary and proper expenses of its agent in securing an appropriation by Congress, from the unexpended amount of the fund for contingent expenses provided for in the appropriation ordinance.

4. Same—*city need not formally authorize mayor to incur expenses.* The fact that a city may not formally authorize its mayor to incur expenses in securing legislation for the benefit of the city

does not prevent the mayor from being reimbursed for his legitimate, reasonable and proper expenses incurred in the matter, provided the city ratifies his action in representing it by approving the bill presented by him.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

GILBERT & GILBERT, for appellants.

C. S. MILLER, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellees, James Meehan, Fred D. Nellis and D. F. McCarthy, filed their bill in the circuit court of Alexander county against appellant George Parsons and the city clerk and the city treasurer of the city of Cairo to enjoin the payment by the city to Parsons of the sum of $1500, which had been allowed and ordered paid to him by the city council of the city of Cairo. A temporary injunction was issued, which, upon motion, was dissolved. Upon final hearing the bill was dismissed. On appeal to the Appellate Court for the Fourth District the decree of the circuit court was reversed and the cause remanded, with directions to enter a decree overruling the motion to dissolve the injunction and to make the temporary injunction permanent. The cause comes to this court by appeal on a certificate of importance.

The cause was submitted to the chancellor upon the bill and answer. Stated briefly, the bill alleges that appellant Parsons, during the year 1912, attended the sessions of Congress in the city of Washington to lobby for, and obtain, if possible, an appropriation from the Federal government of money for the levees and embankments in and about the city of Cairo and a drainage district adjacent thereto; that Parsons was at that time, and still is, the mayor of Cairo,

receiving a salary of $1000 per annum; that the work done by Parsons at Washington was done in behalf of the Cairo Drainage District, a municipal corporation lying outside the city of Cairo, and on behalf of railroads and other corporations and himself, as well as on behalf of the city of Cairo; that Parsons has filed with the city council of Cairo his bill for services rendered and expenses incurred in connection with his lobbying, in the sum of $1500, thereby alleging that the city is indebted to him in such sum in addition to his annual salary; that said bill for services and expenses was referred by the city council to the finance committee and was duly recommended for allowance; that the said bill is about to be presented to the city council at its next regular meeting; that the city council has not by any appropriation ordinance provided any money or set aside any fund for such purpose; that such a payment is illegal and unauthorized; that the complainants in the bill are informed and believe that the city council will at its next regular meeting allow and order paid to Parsons the amount of the bill so filed, and that the city clerk will immediately issue to Parsons the city's warrant therefor, and that the city treasurer will pay the same, unless they are restrained; that the purported services rendered by Parsons and the expenditures made by him were not rendered or made for corporate purposes for or on behalf of the city of Cairo, were not authorized by law and do not constitute a lawful claim against the city. The prayer of the bill is for an injunction restraining appellants from issuing and paying a warrant for the amount of the bill.

By their answer appellants admit that Parsons during the summer of 1912 attended the sessions of Congress in the city of Washington to lobby for, and obtain, if possible, an appropriation of money for the levees and embankments in and about the city of Cairo; that he was at that time, and still is, the mayor of that city, receiving a salary of $1000 per annum; deny that such work was done on be-

half of the Cairo Drainage District, a municipal corporation lying outside the city of Cairo, and on behalf of railroads and other corporations and Parsons; aver that such work was undertaken and performed wholly and exclusively for and on behalf of the city of Cairo and at the instance and for the special benefit of said city; deny that Parsons has filed with the city council a bill for services rendered and expenses incurred in connection with his trips to the city of Washington, but allege that he filed a bill only for his actual, reasonable, necessary and suitable expenses proper to be incurred by him in the accomplishment of his work, which sums he had paid and advanced for and on behalf of the city in excess of $1500; that he never at any time asked or demanded, nor does he now claim, any compensation whatever from the city of Cairo for his time or services; that the true facts on which complainants' supposed cause of action is based are as follows: That a flood in the Ohio and Mississippi rivers, occurring after the passage of the annual appropriation bill of the city of Cairo, demonstrated the necessity of raising and strengthening the levees of the city of Cairo, and also the impracticability of providing a sufficient sum for the work without assistance from the general government, in order to complete the necessary work before the next spring rise in the rivers should menace the safety of the city; that by reason of the premises an emergency arose which was unexpected at the time the annual appropriation bill was passed and which demanded prompt and immediate action on the part of the city; that appellant Parsons, as mayor of the city, made three trips to the city of Washington between the 27th day of April and the 13th day of June, 1912, for the purpose of securing an appropriation by Congress of money for the repair and strengthening of the levees, if possible, and that he lobbied, interviewed and importuned senators and congressmen, on behalf of the city of Cairo, for such an appropriation, and remained in the city of Washington until

an appropriation in the sum of $250,000 was secured by an act of Congress. The answer then sets up the passage of the annual appropriation ordinance by the city council for the year ending December 31, 1912, which included an appropriation of $4500 for contingent expenses, of which the sum of $1877.27 remained unexpended on August 13, 1912, when the city council received and concurred in the report of the committee on finance recommending the payment of the bill of Parsons, and sets up the section of the Cities and Villages act granting to the city council the power to erect and keep in repair levees.

Appellees first urge that appellant Parsons has made no effort to show that his expenses were legitimate and proper and that he has not indicated the various items of expense. Appellees saw fit to submit the cause upon the bill of complaint and the answer of appellants, and the averments of the answer must be taken as true. In their answer the appellants aver that the bill of Parsons was presented only for his actual, reasonable, necessary and suitable expenses proper to be incurred by him in the accomplishment of the work in which he was engaged. This averment is not the conclusion of the pleader but is the pleading of an ultimate fact. If the appellees desired to question such bill on the ground that it contained items which were not legitimate expenses, they should have joined issue with appellants and put them to their proof. Having submitted the cause upon the bill and answer appellees conceded that only proper items of expense were charged, and raised the question, only, whether in any event the city had the power to expend money for this purpose.

It is also contended that even if this is a proper purpose for the expenditure of money by the city, no provision was made in the annual appropriation bill for such an expenditure, and there being no funds out of which the bill can be paid, the action of the city in attempting to make payment should be enjoined. The answer avers that in the

annual appropriation bill there was included an appropriation of $4500 for contingent expenses, of which there remained unexpended at the time this bill was presented and allowed, the sum of $1877.27. If this is a proper bill to be paid by the city it is properly payable out of the contingent fund. The appropriation for contingent expenses was meant to meet such expenses as were unforeseen at the time the appropriation was made and which could not be specifically provided for. This expense was unforeseen at that time and properly comes under the head of contingent expenses, and if payable at all should be paid from that fund.

The principal contention made and the one most strenuously argued by appellees is, that it is contrary to public policy for the city to reimburse Parsons for expenses incurred in securing the passage of the act appropriating $250,000 for repairing and strengthening the levees at the city of Cairo. Appellees cite a number of authorities under the propositions, first, that "an agreement for compensation contingent upon obtaining legislation is void;" and second, that "a contract to promote the passing of laws and ordinances and paying expenses or compensation therefor is against public policy and cannot be enforced." The first of these propositions is not applicable to the facts in this case, and the second proposition is not sustained by the authorities cited in support thereof. The cases cited by appellees do hold, and properly, that an agreement for compensation which is contingent upon obtaining certain legislation is void. No such situation is presented by the facts in this case. While appellants aver in their answer that Parsons attended upon the sessions of Congress in Washington at the instance of the city, it is nowhere alleged by appellees, or admitted by appellants, that Parsons was to receive any compensation contingent upon obtaining the desired legislation. On the contrary, it does definitely and clearly appear that Parsons is claiming only a portion of his proper, nec-

essary and suitable expenses incurred in connection with the three trips he made to the city of Washington, and that he had no personal interest whatever in the outcome, and that personally he would neither be benefited nor damaged by any action which Congress might take in the matter. The courts have not gone so far as to hold that in no event and under no circumstances is it proper to interview and importune members of a legislative body to enact certain legislation in which the party importuning them may be interested. The interests of the city of Cairo would undoubtedly be affected by whatever action Congress should choose to take in reference to the appropriation for the building of its levees. Should Congress refuse to appropriate any sum whatever, the whole burden of building and maintaining its levees would rest upon the city. That burden would be lightened by whatever appropriation Congress should see fit to make. The city therefore had the undoubted right to authorize its chief executive to appear before the various congressional committees and interview the members of Congress to urge upon them the claims of the city and to advance any legitimate argument in favor of the passage of an appropriation bill for the relief of the city in this respect. Having the undoubted right to intercede with the members of Congress and to appear before its committees through its authorized agent, it must follow that the city undoubtedly would have the right to pay the necessary and legitimate expenses of its agent in presenting its claims to the members of Congress. Whether or not the city formally requested appellant Parsons to thus represent it before Congress, by allowing his bill for expenses it approved and ratified his actions in thus representing it, and he was entitled to be reimbursed to the extent of the bill allowed.

For the reasons given, the judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

*Judgment reversed.*