(125 So. 653)

STONE, County Treasurer, v. STATE ex rel. ARMBRECHT. (I Div. 560.)

Supreme Court of Alabama. Dec. 19, 1929.

Rehearing Denied Jan. 23, 1930.

438

Jesse F. Hogan, of Mobile, for appellant.

Armbrecht, Hand & Twitty, of Mobile, for appellee.

ANDERSON, C. J. ▪ Subdivision 8 of section 5498 of the Code of 1923, after requiring certain duties on the part of solicitors, further provides as follows: "But courts of .county commissioners or boards of revenue may retain or employ attorneys, when it is deemed advisable or necessary, and the agreed compensation to them may be paid as are claims to grand and petit jurors."

This provision was considered and interpreted in the case of Clark v. Eagerton, 207 Ala. 491, 93 So. 455, wherein it was held that the effect of same was to extend the power or authority beyond what previously existed, and that county commissioners had the authority to employ and pay counsel for their services at their discretion, when deemed advisable or necessary in the "administration of county affairs." We think this clearly means that they are entitled to employ counsel to look after all suits wherein the county may be interested, or to advise them as to legal questions arising out of the discharge of their duty under laws existing at the time the service is rendered, and does not include the right to employ counsel to advise them as to prospective questions or the procurement of the enactment of new laws extending the scope of their power or function.

▪ They no doubt had the authority to get legal advice as to the constitutional amendment, in so far as it may have enjoined upon them new or additional duties, and as to how the same should be discharged or performed; but the authority did not extend to the procurement of new laws, such as drafting same, assisting in procuring the passage of same, or of putting the same into operation. While there is an enumeration of the services performed by the relator, some of which may come within the law and others do not, the compensation asked and allowed was in bulk, or a lump sum, and the valid and invalid items were not separated, and, as long as this was the case, the respondent treasurer was justified in not paying the claim. Board of Revenue v. Southern Bell Tel. Co., 200 Ala. 532, 76 So. 858, Banks v. Mobley, 4 Ala. App. 517, 58 So. 745, High on Ex. Rem. (2d Ed.) § 540.

Moreover, while not specifically mentioned in the claim filed, it appears from the testimony of the relator, in enumerating his acts and for the evident purpose of augmenting the value of his services, that he made several trips to distant cities and spent much time at the Capitol with the Legislature, having repeated conferences with legislative committees, and the only logical conclusion to be deduced therefrom is that this was in an effort to secure the passage of certain measures, and which service was not within the purview of the above-quoted statute.

The judgment of the circuit court is reversed, and a judgment is here rendered, dismissing relator's petition.

Reversed and rendered.

SAYRE, THOMAS, and BROWN, JJ., concur.