141 So. 354

**FITTS v. COMMISSION OF CITY OF BIR-
MINGHAM et al.**

6 Div. 39.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied April 28, 1932.

John R. Boyle and Wm. C. Fitts, Jr., both
of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellees.

**ANDERSON, C. J.**

The bill of complaint does not proceed upon the theory that the employment of the respondents Evins and Quinn, and the services performed by them, was contrary to public policy, that is, that they exerted any improper influence on the Legislature, but is grounded upon the sole idea that the commission of Birmingham had no legal authority to employ or pay them for such service.

■■ It is well settled by the decisions of this court that municipal corporations can exercise those powers only which are granted in express words or fairly implied to those expressly granted and those essential to the declared objects and purposes of the corporation and not those which are simply convenient, but not indispensable.

We are not cited to any express provision of law delegating the authority as was exercised by the respondents the commission, but they rely upon an authority which arises by necessary implication. The Act of 1915, page 296, § 6, delegates to the governing body of the city of Birmingham a broad exercise of the police power, limited or restrained only by the State or Federal Constitution.

As to the right and authority of a municipal corporation to expend public revenue to obtain or oppose legislation before the State Legislature or the Congress, there is a sharp conflict in the authorities. In the early cases, by the Massachusetts court it was held that the town or municipality had no right to expend public funds for the compensation of or expenses to one appearing before the Legislature, even for legitimate purposes. As did the Maine court in Thompson v. Pittston, 59 Me. 545. And such was the holding of the Kentucky court, Henderson v. City of Covington, 14 Bush (Ky.) 312, and the Washington court, State ex rel. Port of Seattle v. Superior Court, 93 Wash. 267, 160 P. 755, L. R. A. 1917B, 354, and the Oklahoma court, Field v. Shawnee, 7 Okl. 73, 54 P. 318.

The cases Colusa County v. Welch, 122 Cal. 428, 55 P. 243; Buchanan v. Farmer, 122 Ark. 562, 184 S. W. 33; and Richardson v. Scott's Bluff County, 59 Neb. 400, 81 N. W. 309, 48 L. R. A. 294, 80 Am. St. Rep. 682, involved the authority of the county boards as distinguished from cities and towns wherein their inherent and police powers are different, as will be hereinafter discussed. Moreover, the Arkansas case, supra, was based on the illegality of the service rather than the authority of the county.

On the other hand, some of our courts have taken a broader view as to the powers of municipal corporations and have upheld claims of this character. The Connecticut court, in the case of Farrel v. Town of Derby, 58 Conn. 234, 20 A. 460, 7 L. R. A. 776, upheld the authority of the town under its general implied powers to employ a representative to attend the General Assembly to look after the interest of the town as the same might be affected. The court, proceeding upon the theory that procuring and de-

**602**

feating certain measures might affect the general welfare of the town and the taxpayers and citizens thereof and, as this was within the inherent power of the municipality, the expense of having the interest of the town so protected was necessarily incident to the power of enjoying this protection. The court had before it the Massachusetts and Maine cases and declined to follow them. It is also well to note that the rule declared in the early Massachusetts cases has been changed by statute. Davis v. Com., 164 Mass. 241, 41 N. E. 292, 30 L. R. A. 743. The 'Connecticut case finds support in the cases of Bachelder v. Epping, 28 N. H. 354; Meehan v. Parsons, 271 Ill. 546, 111 N. E. 529; In re Taxpayers & Freeholders, 27 App. Div. 353, 50 N. Y. S. 356.

While there is a division of authority, we are impressed with the logic and reasoning of the Connecticut court and which finds support in the courts of New Hampshire, New York, and Illinois, and we are of the opinion, and so hold, that the city of Birmingham had the necessarily implied power to protect and promote its well-being before the Legislature and to incur and pay reasonable compensation therefor.

Appellant's counsel put much reliance upon our recent case of Stone v. State, 220 Ala. 437, 125 So. 653. That case has several distinguishing features from the case in hand. In the first place, the county and not a city was involved and the general powers of the respective governing boards are not necessarily identical. Second, the petitioner, Armbrecht, relied upon the express power of the county board to employ him and the court strictly construed Section 5498 of the Code of 1923, under the rule that express grants of power must be strictly construed in favor of the public and whatever is not granted in express terms is withheld. 36 Cyc. page 1177, section 4. In other words, we held that this gave the board the right to employ additional or outside counsel in matters pertaining strictly to the legal profession and not duties of looking after legislative matters, visiting other states, etc., and some of which could be discharged by a layman as well as an attorney. We did not hold that all of the petitioner's claim was illegal, but as some of the items going to make up same were unauthorized, the respondent Stone could not be mandamused to pay same in its present shape. Moreover, there may be a good reason for permitting the towns and cities to incur the expense of obtaining favorable legislation through an attorney or other agent, and not granting the same right to the counties. The counties have the right to rely upon the legislative representatives to protect the interest of their respective counties, while the cities and towns cannot repose the same confidence in them as there

may be several towns and cities in the same county and as to which rivalry may exist. At any rate, the Stone Case is not in conflict with the present holding.

The trial court did not err in sustaining the demurrer to the bill of complaint and, as the appellant declined to amend the bill as suggested by the trial court, there was no error in dismissing said bill.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

**On Rehearing.**

PER CURIAM.

Application for rehearing overruled.

All the Justices concur, except BROWN, J., who dissents.

FOSTER, J. (concurring).

My concurrence is based upon the statement of the nature of the services of the attorneys as expressed in the opinion, and not upon the averments of the bill, upon the theory that the argument of counsel was confined to the question thus stated.

BROWN, J. (dissenting).

The only question considered in the majority opinion is whether or not the contract was one within the implied powers of the municipality.

It is well settled by the decisions of this court that municipal corporations can exercise those powers only which are granted in express words or fairly implied to those expressly granted and those essential to the declared objects and purposes of the corporation, and not those which are simply convenient, but not indispensable.

As to the right and authority of a municipal corporation to expend public revenue to obtain or oppose legislation before the State Legislature or the Congress, there is a sharp conflict in the authorities. In the early cases by the Massachusetts court, it was held that the town had no right to expend public funds for the compensation of or expenses to one appearing before the legislature, even for legitimate purposes; as did the Maine court in Thompson v. Inhabitants of Pittston, 59 Me. 545; and such was the holding of the Kentucky court, Henderson v. City of Covington, 14 Bush (Ky.) 312; and the Washington Court, State ex rel. Port of Seattle v. Superior Court of Washington and for King County, 93 Wash. 267, 160 P. 755, L. R. A. 1917B, 354; and the Oklahoma Court, W. S. Field v. City of Shawnee, 7 Okl. 73, 54 P. 318.

On the other hand, some of our courts have taken a broader view as to the powers of

municipal corporations, and have upheld claims of this character. The Connecticut court, in the case of Farrel v. Town of Derby, 58 Conn. 234, 20 A. 460, 7 L. R. A. 776, upheld the authority of the town under its general implied powers to employ a representative to attend the General Assembly to look after the interest of the town as the same might be affected. The court, proceeding upon the theory that procuring and defeating certain measures might affect the general welfare of the town and the taxpayers and citizens thereof, and as this was within the inherent power of the municipality, the expense of having the interest of the town so protected was necessarily incident to the power of enjoying this protection. The court had before it the Massachusetts and Maine cases, and declined to follow them. It is also well to note that the rule declared in the early Massachusetts cases has been changed by statute. Davis v. Commonwealth, 164 Mass. 241, 41 N. E. 292, 30 L. R. A. 743. The Connecticut case finds support in the cases of Bachelder v. Epping, 28 N. H. 354; Meehan v. Parsons, 271 Ill. 546, 111 N. E. 529; In re Taxpayers & Freeholders, 27 App. Div. 353, 50 N. Y. S. 356.

In the more recent case of Valentine v. Robertson, 300 F. 521, the United States Circuit Court of Appeals considered this question in connection with the former cases, and demonstrated that the weight and perhaps better authorities favor a narrow or literal construction of the authority of the municipality.

While there is a division of authority, this court has pursued the policy of a strict construction of the power of municipalities to expend public funds or to incur debts and liabilities. Colvin v. Ward, 189 Ala. 198, 66 So. 98, and numerous cases there cited. This rule of strict construction has also been applied as to counties. Stone, County Treasurer, v. State ex rel. Armbrecht, 220 Ala. 437, 125 So. 653.

I find nothing in the Act of 1915. p. 296, § 6, giving the governing body of the city of Birmingham express authority to expend funds for the purpose here involved. While the delegation of the police power is broad, I do not think that it is essential to the proper and necessary exercise thereof to have incurred the expense in question, and the trial court erred in denying the equity of the bill of complaint upon the theory that the city had the implied power to expend funds for the purpose of compensating counsel to represent it before the Legislature, as charged in the bill of complaint.

Aside from the foregoing, I cannot escape the conclusion that the averments of the bill clearly bring the case within the principle "that agreements for the procurement of favors from public officials in the discharge of public duties by personal solicitation or influence as considerations to be addressed to them over and above the merits of the actions sought" are void as against public policy. Bush v. Russell, 180 Ala. 590, 61 So. 373, 376; Anderson v. Blair, 202 Ala. 209, 80 So. 31; 13 C. J. 430, § 368, and authorities cited under note 55, page 429.

I therefore respectfully dissent.