178 So. 18

**STATE ex rel. SOSSAMAN v. STONE, County Treasurer.**

1 Div. 974.

Supreme Court of Alabama.

Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

Geo. A. Sossaman and Pillians, Cowley & Gresham, all of Mobile, for appellant.

234

Gordon, Edington & Leigh, of Mobile, for appellee.

BROWN, Justice.

By resolution adopted on the 19th day of December, 1935, the Board of Revenue and Road Commissioners of Mobile County, a board exercising, generally in Mobile County, the powers of courts of county commissioners, under the general law, by resolution duly adopted, instructed the petitioner Sossaman, the attorney for the board, "to enter suit for and prosecute to a final decision all claims of Mobile County against the various present and former officials of this county, or their estates, arising under House Bill No. 515 of the

1935 Legislature (Gen.Acts 1935, p. 844) and under the Sparks Amendment (Const. 1901, Amend. No. 26A) * * * that said attorney be and is hereby allowed a reasonable attorney's fee for *said services, the amount to be determined when the service is completed."* (Italics supplied.)

The petition avers that on the 16th day of September, 1936, petitioner "presented a claim to the Board of Revenue and Road Commissioners of Mobile County, Alabama, for $2,000.00 for services rendered in accordance with the foregoing resolution." That on September 16, 1936, the board adopted a resolution, the minute entry of which is as follows:

"Clerk presented the claim of George A. Sossaman for $2,000.00 'To fees for filing various suits and claims and association in case from Houston County seeking to enforce the collection of between $100,000.00 and $150,000.00 for Mobile County.'

"Commissioner Herzfeld moved, seconded by Commissioner Jefferies, that the claim of George A. Sossaman for $2,000.00 is hereby passed for payment. Motion put and carried."

That on said last date said board issued to petitioner a warrant in words and figures as follows:

"Office of                                        No. 33493
    Board of Revenue and Road Commissioners
                                        Mobile, Ala. Sept. 16, 1936
The State of
    Alabama    To Treasurer of said County: When in
                  funds pay out of the Gen. Fund.
                      To    George A. Sossaman    $2,000.00
    County    Two thousand and no/100 Dollars for
                  a/c Special Services as follows:
[Seal]
                  Legal Services rendered in compliance
                  with resolution adopted Dec. 19, 1935.
    Warrant   Claim allowed and warrant ordered on
                  the date and for the amount all as
                  shown above.
                      "[Signed] Daniel T. McCall
                                        "President.
County of Mobile "

That petitioner, on September 25, 1935, presented said warrant "to the defendant herein for registration and that the defendant refused to register same as required by law." That on October 19, 1936, petitioner "presented said warrant to the defendant herein for registration under the terms of the act of the Legislature approved April 10th, 1936, and printed in Local Acts of the Legislature of Alabama of 1936, page 58, and that the said defendant thereupon endorsed upon the back of said war-

rant: 'Presented for registration October 19th, 1936. Geo. E. Stone, Treasurer.'"

On this predicate the petitioner prayed for the issuance of the alternative writ of mandamus "commanding and directing the said respondent George E. Stone, as Treasurer as aforesaid, forthwith to register said warrant hereinabove described and set out, and that said registration be made as of September 25th, 1936, and for the purpose of coming under the provisions of said above described act of the legislature of Alabama, also as of October 19th, 1936, and that thereafter the said respondent *be required to pay same* out of available funds in the regular and proper course," or to appear and show cause why a peremptory writ should not issue. (Italics supplied.)

The respondent, treasurer, demurred to the petition, the circuit court sustained the demurrer, superinducing a nonsuit from which petitioner has appealed.

The appellant contends, first, that the constitutional amendment proposed by Act No. 382, Gen.Acts 1935, pp. 810–813, and the enabling act passed in pursuance of its adoption, Act No. 101, Extra Session, Loc. Laws 1936, p. 58, approved April 10, 1936, confers on the Board of Revenue and Road Commissioners of Mobile County exclusive authority to determine what claims are "valid and enforceable obligations of Mobile County" payable by bonds or out of the proceeds of bonds issued under said enabling act, and that the board's determination is final and conclusive, and cannot be questioned by the treasurer in the civil courts.

And, second, that the appellant's claim is a valid claim, gauged by the general principles of law, irrespective of said amendment and the enabling act.

The treasurer, on the other hand, insists, first, that the board was wholly without authority to employ counsel to institute proceedings to recover the supposed funds arising from the "Sparks Amendment and the Hendley Act"; that this authority is expressly conferred on the county treasurer by subdivision 10 of section 303 of the Code of 1923. And, second, that the claim was not itemized as required by section 225 of the Code 1923, and that the minutes of the proceeding of the board set out in the petition shows that the claim embraced fees rendered in a case from Houston County.

The appellant's first contention might well be disposed of by the observation that there is nothing in the averments of the petition showing that Mobile County has exercised the power conferred on it by said amendment and the enabling act, and, as a consequence, there are bonds or the proceeds of bonds, constituting a special fund for the payment of claim mentioned in the amendment and in the act, nor is the warrant involved in this proceeding drawn on or ordered to be paid out of any such special fund.

We are, however, not in agreement with the contention of the appellant that the enabling act confers on the County Board judicial power in respect to claims provided for in the amendment and the act. Our interpretation is that the bonds when issued and the proceeds thereof, when the bonds are sold, constitute a special fund for the payment of the class of claims enumerated in the amendment and the act, and the act makes it the duty of the County Board, in auditing and passing claims for payment, to determine whether or not a claim presented for audit is within the class payable out of such special fund and to draw warrants on the treasury in accordance with such determination. In the absence of such determination by the County Board that the claim falls within the class payable out of such special fund, the treasurer is not authorized to pay out of the special fund.

That it was not the purpose of the amendment nor the act, or both combined, to upset the existing system of auditing and allowing claims against the county, is manifested, by the fact that the amendment itself does not deal with that question, and section 6 of the act expressly provides that: "Nothing in this Section, however, shall exempt the holder of any such obligation from the necessity of filing his claim with the Board of Revenue and Road Commissioners of Mobile County for allowance by that body where such claims are required by law to be allowed by said body." Extra Session (Local) 1936, p. 60.

This interpretation is clearly consistent with the utterances of the court in Doody v. State ex rel. Mobile County, 233 Ala. 287, 291, 171 So. 504, 507, relied on by the appellant, that: "They [the county officers] are necessarily given like authority to determine the validity of the indebtedness or the proper application of the proceeds in

accordance with the directions found in the constitutional amendment and the local enabling act."

Nor are we in agreement with the insistence of the respondent appellee that the treasurer of Mobile County had the sole right to institute proceedings against officers for fees claimed to be due "the county under the Sparks Amendment to the Constitution and House Bill No. 515 of the 1935 Legislature." That insistence is based upon the provisions of Subdivision 10 of section 303 of the Code 1923, which provides: "It is the duty of the county treasurer— * * *.

"10. To examine the dockets of the circuit courts, and sheriff semi-annually; to demand and receive all moneys due to the county, and to institute proceedings against defaulters."

"Moneys due to the county" within the contemplation of said subsection was such as were shown to be due or evidenced by the examination of the dockets of the circuit court and the sheriff. When that statute was enacted, no one thought or ever dreamed that any part of the Constitution could be suspended, or that an attempt would ever be made to suspend any part of it, hence, claims arising from such effort to suspend could not have been within the contemplation of said statute.

Moreover, this contention is made on the mistaken assumption that the said "Sparks Amendment" required all fees over $6,000, received by county officers to be paid into the county treasury. It made no such provision, but left that mystery to be solved by future legislation, and the Legislature did not pass the abortive Hendley Act until the fees over and above the $6,000 had passed into the hands of the public officials of the county, and under the unsuspended provisions of the Constitution become their private property of which they could not be deprived except by due process of law. Houston County et al. v. Martin, 232 Ala. 511, 169 So. 13.

Regardless of the defect in the title of the original Act of February 13, 1919, p. 68, the incorporation of its provision into the Code of 1923, as subdivision 8 of § 5498, and the adoption of the Code by the Legislature, cured that defect. Dillon v. Hamilton, Tax Collector, 230 Ala. 310, 160 So. 708. Said subdivision confers on the courts of county commissioners and like county boards express power to retain or employ attorneys to represent the county in respect to county affairs where that duty is not expressly delegated and imposed on some other officer. Clark v. Eagerton et al., Com'rs, 207 Ala. 491, 93 So. 455; Stone, County Treasurer, v. State ex rel. Armbrecht, 220 Ala. 437, 125 So. 653.

The predicate prescribed by section 751 of the Code, authorizing the circuit solicitor to intervene, is absent in the case at bar, and that statute is not applicable.

The demurrer took the points that the petition did not aver that the petitioner presented to the County Board an itemized statement of his account for services rendered, and that it appears from the averments of the petition that the bulk allowance embraced a charge for services rendered in the suit of Houston County. These grounds of demurrer were well taken. Code 1923, § 225; Schroeder v. Colbert County, 66 Ala. 137; Stone, County Treasurer, v. State ex rel. Armbrecht, supra.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.